MARCUS BACHARACH, PLAINTIFF-APPELLEE, v. SOPHIE MITNICK, DEFENDANT-APPELLANT.

Submitted October 4, 1938—Decided December 19, 1938.

402

Before Justices Trenchard, Parker and Perskie.

For the appellant, *David S. Harrison.*

For the appellee, *Cassman & Gottlieb* (*Ellis L. Gottlieb,* of counsel).

The opinion of the court was delivered by

Perskie, J. Appellant, defendant below, appeals from a judgment of $283.02, plus costs of $17.75 in favor of appellee, plaintiff below, entered by direction of the trial judge who presided without a jury.

Counsel for plaintiff, as disclosed by the agreed state of case, opened this cause by restating the facts set forth in the state of demand. As so stated, it would appear that LaClede Building and Loan Association (hereinafter referred to as the Association) owned a piece of property in Ventnor, New Jersey. On January 6th, 1937, the Association, in writing, leased that property to one David Buchanan for the period of one year from February 1st, 1937, to February 1st, 1938. The lease contained, *inter alia,* the following proviso:

"In consideration of the services rendered by Marcus Bacharach as agents of the Lessor in procuring the within named tenant for the leased premises and the further consideration hereinafter named, said Lessor agrees with said agents that they shall be and remain agents for said Lessor and said leased premises mentioned so long as said Lessee or successors or assigns is a tenant under this lease or any renewal or assignments thereof, or under any new lease between the same parties covering the same premises or covering any part of the building of which the demised premises are a part; said agents are to receive a commission of 5% on the amount of rent actually paid by the Lessee whether paid to the Lessor or the Lessor's assignee, or a receiver appointed for the Lessor or for the demised premises or any other person, and in the event said Lessee should purchase the said premises, then the said Lessor agrees to pay said agents a commission of 5% upon the purchase price."

On May 13th, 1937, the Association sold and conveyed the leased premises to the defendant, Sophie Mitnick, and assigned to her its lease with Buchanan. Thereafter, on February 17th, 1938, defendant sold and conveyed the premises to the tenant therein, namely, David Buchanan, for $5,500. Whereupon plaintiff asserted that he was entitled to five per cent. of the purchase price by virtue of the quoted proviso in the lease between the Association and David Buchanan, and made a demand upon defendant for the payment thereof. The demand was refused. Hence this suit.

1. On the opening counsel for defendant moved for a nonsuit. The court reserved decision of that motion but the entry of the judgment in favor of the plaintiff necessarily carries with it denial thereof. The denial of that motion is, *in limine*, alleged as error. In support of the alleged error it is argued here, as it was argued below, that the facts set forth in the state of demand, as disclosed in the opening, failed to allege that the plaintiff was authorized by the defendant or her authorized agent to sell her property, and further failed to allege that the plaintiff was a duly licensed real estate broker of this state. *R. S.* 25:1-9. There is no merit

to this argument. It misconceives the theory upon which plaintiff's alleged cause of action is grounded. Plaintiff's right of recovery, upon the stated facts, is based "Not (upon) an agreement merely to pay five per cent. on the purchase price for the services of a broker in effecting a sale;" on the the contrary, it is based upon the theory that the proviso in the lease constitutes an agreement supporting compensation of the real estate broker "for negotiating a lease and endeavoring to collect the rent as it falls due;" "for these services (the broker) is to receive a commission of (five) per cent. on all rent and (five) per cent. on the sale price in case the the landlord sells to the tenant." *Burt* v. *Brownstone Realty Co.* (*Court of Errors and Appeals*), 95 *N. J. L.* 457, 460, 461; 112 *Atl. Rep.* 883. The proviso in the case at bar is substantially on all fours with the proviso in the Burt case, save that in the case at bar, unlike in the Burt case, the agent's name is not omitted and the rights and liabilities under the proviso is not limited only to a purchase by a lessee while a tenant from the *original* lessor. In the lease of the case at bar the proviso binds, among others, the "successors and assigns" of the parties thereto. The first difference clearly fortifies plaintiff's status and the second difference is not, under the circumstances here exhibited, substantial. At all events, we mark the fact that no point is made concerning them. In the Burt case our Court of Errors and Appeals, opinion by Mr. Justice Parker, held that the proviso did not come within our Frauds and Fraudulent Conveyances act. *R. S.* 25:1-9. The case at bar is controlled by that determination. Thus the refusal to nonsuit on plaintiff's opening was not erroneous. In light of this conclusion, we find it unnecessary to decide whether the alleged defects were cured by the proofs finally elicited. *Cf. Glass* v. *American Stores Co.*, 110 *N. J. L.* 152, 155; 164 *Atl. Rep.* 305.

2. Did the court err, as it is urged, in refusing defendant's motions to nonsuit and to enter judgment in her favor? We think not. The proofs which were admitted without objection fully support plaintiff's qualification as a broker, his authority, as well as the validity of the lease and the assign-

ment thereof. In addition, the proofs further support the finding that plaintiff rendered services in obtaining the tenant, in collecting rent and in otherwise serving pursuant to the terms of the proviso in question. This court does not ·review the findings of the District Court upon questions of fact beyond inquiring whether there was any legal evidence upon which the finding might be based. *Sansone* v. *Selvaggi*, 121 *N. J. L.* 274, 2 A-2d. 355.

3. Defendant further argues that the trial judge erred in refusing her counsel permission to ask one of her witnesses whether there was any provision in the agreement of sale between the Association and defendant for the payment of commissions to plaintiff (specification of determinations No. 5) and that the court likewise erred in refusing defendant's counsel the right to ask the same question of the same witness as to whether or not he received a commission in the sale giving rise to the present litigation (specification of determinations No. 6): The questions thus sought to be reviewed are not properly before us. The specifications fail to meet or satisfy the requirement that (upon ruling of evidence) the grounds of appeal shall state the names of the witnesses, the questions or answers objected to and ruled upon. *State* v. *Blaine*, 104 *N. J. L.* 325; 140 *Atl. Rep.* 466; *Booth* v. *Keegan*, 108 *N. J. L.* 538; 159 *Atl. Rep.* 402; *Meserve* v. *Traverso*, 15 *N. J. Mis. R.* 554; 192 *Atl. Rep.* 835; *affirmed*, 119 *N. J. L.* 566; 197 *Atl. Rep.* 54.

4. Defendant argues that the trial judge erred in not affording her counsel the right to oral summation. *Alladin Oil Burner Corp.* v. *Morton*, 117 *N. J. L.* 260; 187 *Atl. Rep.* 350. This point is without substance. For it appears that counsel for defendant was afforded full opportunity to argue his client's cause. It was not until *after* argument of both counsel on the motion to direct a verdict that the court did say that it did not desire to hear *"further argument"* since it had a complete understanding of the facts of the case. The trial judge, however, did afford counsel an opportunity to submit briefs; this they did. The limitation, if it may be so characterized, even in light of the reservation of further

oral argument in the event defendant's motion to direct a verdict did not prevail, was not unreasonable; the court did not abuse its sound discretion. All other points argued are also without merit.

Judgment is affirmed, with costs.