## Staunton

W. D. Nelson and Company, Inc. v. Taylor Heights Development Corporation.

September 9, 1966.

Record No. 6232.

Present, All the Justices.

T. *Wilson Hotze, Jr.* (*Joseph S. Bambacus*, on brief), for the plaintiff in error.

*Max O. Laster* (*A. James Kauffman*; *Taylor, Hazen and Laster*, on brief), for the defendant in error.

I'ANSON, J., delivered the opinion of the court.

W. D. Nelson and Company, Inc., plaintiff, instituted this action to recover a judgment for a commission on the sale of certain property owned by the defendant, Taylor Heights Development Corporation, and sold by it to its tenants. Plaintiff's claim was based on the provisions of a written lease negotiated by it on the premises sold. The trial court sustained a demurrer to the motion for judgment and dismissed the case, and we granted plaintiff a writ of error.

The motion for judgment alleged that on May 28, 1963, W. N. Seid and Ling K. C. Seid, husband and wife, leased from defendant the premises located at 1100 Grove Avenue, Richmond, Virginia, for a term of three years, commencing June 15, 1963; that plaintiff, acting as defendant's rental agent, negotiated the lease, which was filed with the motion for judgment; that on April 1, 1964, defendant sold the premises to the tenants, the Seids, for $25,000, and the deed of conveyance was duly recorded on the day of sale in the appropriate clerk's office; that under the provisions of paragraph 18 of the lease agreement the defendant landlord agreed that if the tenants should purchase the premises at any time during the term of the lease or any renewal thereof, then, in consideration of the plaintiff's consummating the lease, the plaintiff would receive a commission based upon the gross amount of the purchase price; that defendant had failed to comply with the terms of paragraph 18 of the lease agreement, which was set out in full in the motion for judgment, and that there remained due and owing

plaintiff, after repeated demands for payment, a commission of $1500.

Paragraph 18 of the lease agreement reads as follows:

"Landlord agrees with and for the benefit of Rental Agent as a covenant running with the land, that if Tenant, his successors or assigns (including such person in which Tenant, his successors or assigns, may have an interest as stockholder, lender of money or otherwise), shall, at any time during either the term of this lease, or any renewal or extension thereof, or any new lease of the premises between any person and Tenant, his successors or assigns (including such person in which Tenant, his successors or assigns, may have an interest as stockholder, lender of money or otherwise), purchase the premises, then in consideration of Rental Agent's consummating this lease, Rental Agent shall receive, on the date the premises are transferred, a commission, based on the gross amount of the purchase price, in an amount prescribed as of the date of this lease by the Real Estate Board of Richmond, Virginia. Such commission is in addition to what is provided in paragraph numbered 19 and is hereby made a lien on the premises."

Defendant demurred to the motion for judgment on the grounds that (1) plaintiff was not a party to the lease and could not maintain this action; (2) there was no allegation in the motion for judgment that plaintiff was the procuring cause of the sale; (3) the motion did not allege consideration for the promise to pay a commission on the sale; (4) there was no allegation it had obtained a purchaser ready, willing and able to purchase the property at an agreed price; (5) plaintiff did not allege it was employed to find a purchaser for the property; (6) the agreement to pay a commission lacked mutuality; (7) paragraph 18 of the lease agreement violates the Rule Against Perpetuities and is void; and (8) the commission was based on the amount prescribed by the Real Estate Board of Richmond, Virginia, "as of the date of this lease," which was indefinite and necessitated the supplying of information by parol in violation of the parol evidence rule.

The trial court stated the question presented as follows: "Will finding a lessee, or acting as rental agent, support a promise to pay sales commissions when the owner himself is the procuring cause of the sale?" and sustained the demurrer on the sole ground that the provisions of paragraph 18 of the lease were unenforceable for lack of "sufficient consideration."

Generally a promise to pay a real estate broker's commission does not ripen into an enforceable agreement until the broker's efforts have produced a buyer ready, willing and able to purchase the property on the terms fixed by the seller. 3 Mich. Jur., Brokers, § 27, pp. 535-539. However, by a special contract a broker may be entitled to a commission by doing much less. *Clark* v. *Matheny*, 119 W. Va. 264, 193 S. E. 800, 801; 12 Am. Jur. 2d, Brokers, § 189, pp. 930, 931. The principle is also recognized in The Restatement of the Law of Agency, § 448, comment (b), p. 356, where it is said:

"There are, however, other agreements with brokers which make the rule inapplicable or vary the usual liabilities. Thus the contract of employment may provide that the agent's compensation is dependent upon the happening of an event whether or not the agent's efforts have produced it."

Since plaintiff's right to the sales commission rests on the provisions of paragraph 18 of the lease agreement, it is necessary that we first interpret its language in order to determine whether the demurrer was properly sustained.

It is the duty of the court to construe a contract as it is made by the parties and not to make one for them. The guiding principle in the construction of a contract is the intention of the contracting parties as expressed in the words they have used. If the meaning of the contract is clear and unequivocal, the court is not at liberty to search for its meaning beyond the instrument itself. *Magann Corp.* v. *Electrical Works*, 203 Va. 259, 264, 123 S. E. 2d 377, 381; 4 Mich. Jur., Contracts, § 40, p. 375, § 45, p. 385.

The agreement negotiated by the plaintiff between the defendant landlord and the tenants was for the lease of the premises and not for its sale. It is manifest from the language of paragraph 18 of the lease agreement that in consideration of plaintiff's consummating the lease, defendant intended, and so agreed by affixing its corporate signature to the instrument, that if the leased premises were sold to the tenants during the term of the lease, or any renewal or extension thereof, he would be obligated to pay plaintiff a commission on the sale. It cannot be implied from the language used that plaintiff was to receive a commission only in the event it effected the sale. The promise of defendant, which was for plaintiff's benefit, was to pay a commission to plaintiff if the tenants purchased the premises during their tenancy, and plaintiff's com-

pensation did not depend upon any future services to be rendered in bringing about a sale of the property, but upon services it had already performed in consummating the lease. Although defendant's promise to pay additional compensation was of a contingent nature it was based on adequate consideration. Any other construction would be contrary to the intention of the parties as expressed by the plain language used and would amount to making a new contract for the parties.

Lease agreements containing language somewhat similar to that found in paragraph 18 of the present lease have been construed by courts of several other States. Without exception, they support the interpretation we have placed on the language used here. See *Bailey & Co., Inc.* v. *Union Planters Title Guaranty Co.*, 33 Tenn. App. 439, 232 S. W. 2d 309 (1949); *Burt* v. *Brownstone Realty Co.*, 95 N. J. L. 457, 112 A. 883 (1921); *Bacharach* v. *Mitnick*, 121 N. J. L. 401, 3 A. 2d 92 (1938); *Comly* v. *First Camden Nat. Bank & Trust Co.*, 22 N. J. Misc. 123, 36 A. 2d 591 (1944); *Sheild* v. *Welch*, 4 N. J. 563, 73 A. 2d 536 (1950); *Schenck v. Sleepy Hollow Cemetery*, 265 App. Div. 974, 38 N. Y. Supp. 2d 935 (1942); *Weisl* v. *Clancy-Hughes, Inc.*, 278 App. Div. 714, 103 N. Y. Supp. 2d 395 (1951).

Defendant says, under point (1) of its demurrer, that plaintiff was not a party to the lease agreement because it did not sign the agreement and thus it could not maintain this action. We do not agree.

Even though plaintiff did not sign the agreement, it appears, from a reading of the lease agreement, that plaintiff was defendant's rental agent and paragraph 18 clearly shows that defendant intended its provisions to be for plaintiff's benefit. Hence defendant made plaintiff a party to the agreement and was bound by the language used therein. See *Bailey & Co., Inc.* v. *Union Planters Title Guaranty Co., supra*, 232 S. W. 2d at pp. 317, 318; *Burt* v. *Brownstone Realty Co., supra*, 112 A. at p. 884.

Moreover, § 55-22,[1] Code of 1950, 1959 Rep. Vol., permits a

---

(1) "§ 55-22. *When a person not a party, etc., may take or sue under instrument.*—An immediate estate or interest in or the benefit of a condition respecting any estate may be taken by a person under an instrument, although he be not a party thereto; and if a covenant or promise be made for the benefit, in whole or in part, of a person with whom it is not made, or with whom it is made jointly with others, such persons, whether named in the instrument or not, may maintain in his own name any action thereon which he might maintain in case it had been made with him only and the consideration had moved from him

third party to sue on a contract when it is clearly shown to be for his benefit, even though he did not sign the instrument. See also 17A C. J. S., § 519 (3), Contracts, pp. 952-959.

Our interpretation of the language of paragraph 18 clearly shows that points 2, 3, 4, 5 and 6 of the demurrer cannot be sustained. The points relied on show a misconception of the theory upon which plaintiff's action was grounded. Plaintiff's motion for judgment was based on a special contract with the defendant and not the usual real estate broker's contract. The promise to pay a commission on the sale price of the premises was founded on services rendered in consummating the lease and not on plaintiff's finding a purchaser ready, willing and able to buy on defendant's terms. *Bailey & Co., Inc.* v. *Union Planters Title Guaranty Co., supra,* 232 S. W. 2d at pp. 316, 317; *Bacharach* v. *Mitnick, supra,* 3 A. 2d at p. 93.

The language of paragraph 18 of the lease agreement does not violate the Rule Against Perpetuities. This Rule is one of property only and has no application to personal contracts, as here, which do not create or transfer any future equitable right in property. Nor is the Rule made applicable by the fact that the amount of commission to be paid is secured by making the agreement a covenant running with the land. Gray, Rule Against Perpetuities, 4th ed., § 230.2, pp. 233, 234, and § 329, pp. 360, 361; Minor on Real Property, 2d ed., Ribble, Vol. I, § 823, pp. 1063, 1065; 70 C. J. S., Perpetuities, § 10, pp. 584-586; 41 Am. Jur., Perpetuities and Restraints on Alienation, § 35, p. 78.

The eighth point raised in defendant's demurrer, that the amount of commission to be paid on the sale would necessitate the admission of parol evidence to ascertain what commission was prescribed by the Real Estate Board of Richmond on the date of the lease, cannot be sustained. It cannot be assumed that the records of the Real Estate Board or its published rates of commissions effective on the date of the lease would not be available. Writings referred to in a contract are construed as a part of the contract for the purpose and extent indicated. *Stockberger* v. *Zane,* 73 Ind. App. 4, 125 N. E. 65; *Lawson* v. *Holloman,* Tex. Civ. App., 238 S. W. 2d 987; 17A C. J. S., Contracts, § 299, pp. 136-138.

On oral argument before us defendant said that the lease

to the party making such covenant or promise. In such action the covenantor or promisor shall be permitted to make all defenses he may have, not only against the covenantee or promisee, but against such beneficiary as well."

agreement violates the Statute of Frauds, § 11-2, Code of 1950, as amended, 1964 Rep. Vol. Although it did not plead the statute as one of its grounds of demurrer, we will deal with the point since the case will have to be reversed and remanded and we may assume that the question will be raised on the trial in the court below.

The statute reads in part as follows:

"No action shall be brought in any of the following cases:

\* \* \* \* \*

"(6) Upon any contract for the sale of real estate, or for the lease thereof for more than a year; or

\* \* \* \* \*

"Unless the promise, contract, agreement, representation, assurance, or ratification, or some memorandum or note thereof, be in writing *and signed by the party to be charged thereby*, or his agent; \* \* \*" (Emphasis added.)

There is no merit in defendant's argument. The lease agreement containing paragraph 18 was in writing and signed by the defendant, "the party to be charged thereby."

For the reasons stated, the trial court erred in sustaining defendant's demurrer and the motion for judgment is reinstated and the case remanded.

*Reversed and remanded.*