# Richmond

CHARLES A. REICH, ET AL. V. MARTHA M. KIMNACH, ET AL.

June 13, 1975.

Record No. 740592.

Present, All the Justices.

*Julian A. Bryant, Jr.* (*Byrd, Dinsmore & Evans, Ltd.*, on brief), for plaintiffs in error.

*Bruce G. Murphy; Charles C. Skinner* (*Ronald P. Hammers; Murphy & Bennett, Ltd.; Brydges, Hammers & Hudgins*, on briefs), for defendants in error.

Cochran, J., delivered the opinion of the court.

Charles A. Reich and Henry-Hanson-Tucker Realty Corporation (collectively, Reich), plaintiffs, filed in the trial court a second amended motion for judgment against Martha M. Kimnach, defendant, to recover a real estate commission of $4,525 for services alleged to have been rendered in procuring the sale of Kimnach's property to Charles C. Skinner. The second amended motion for judgment alleged that Kimnach had employed William L. Murphy, trading as Bill Murphy Realty Company, to sell her property for the sum of $115,000, subject to real estate commissions of seven per cent; that Murphy had partially assigned the listing agreement to Reich; that Reich was the efficient cause of procuring the buyer, who purchased the property from Kimnach during the pendency of the listing agreement; and that Kimnach thereupon became obligated to pay Reich $4,525, his share of the real estate commission.

With leave of court Kimnach filed a third party motion for judgment against Murphy and Skinner as third party defendants, asking for judgment in an amount equal to any sums recovered from Kimnach by Reich, together with costs and expenses, including attorney fees. Subsequently, Kimnach, with leave of court, filed a demurrer to Reich's second amended motion for judgment. By order entered February 1, 1974, *nunc pro tunc* as of November 16, 1973, the date on which the demurrer was heard, the trial court sustained the demurrer and gave Reich 21 days, apparently computed from November 16, 1973, to file another amended motion for judgment. A third amended motion for judgment filed by Reich against Murphy on February 6, 1974, was dismissed with prejudice by final order of the trial court entered March 20, 1974, from which Reich appeals.

The dispositive question for our determination, from a record marred by numerous irregularities, is whether the trial court erred in sustaining Kimnach's demurrer to Reich's second amended motion for judgment by the *nunc pro tunc* order of February 1, 1974.

In her demurrer Kimnach assigned five grounds on which she based her assertion that Reich's second amended motion for judgment was insufficient at law. Two of the grounds were no more than denials of liability not properly includible in a demurrer. The other grounds alleged that the second amended motion for judgment failed to state a cause of action because (1) the brokerage contract in controversy violated the Statute of Frauds because it was not in writing, and it was supserseded by the subsequent written contract of sale dated May 9, 1972; and (2) there was no privity of contract between Kimnach and

Reich, and Reich, therefore, had no standing to sue. There is no merit in these allegations. Indeed, Kimnach was unable, in her brief or in oral argument before us, to cite any authority in support of the trial court's ruling on the demurrer.

■ Although Kimnach did not specify the section of the Statute of Frauds, Code § 11-2 (Repl. Vol. 1963), upon which she relied, there are only two possibilities, Code §§ 11-2(7) and 11-2(6). Neither is applicable. Reich alleged that the listing agreement between Kimnach and Murphy "was to be in force for a period of thirty days." Hence, the contract not only could have been performed within a year but had to be performed, if at all, within that time, and Code § 11-2(7) does not apply.

■ Although there has been no Virginia case in which we have been required to deal specifically with the question whether a listing agreement between an owner of land and a broker is governed by the Statute of Frauds, an overwhelming majority of jurisdictions in which the issue has arisen have held that such an agreement need not be in writing. *See* Annot., 151 A.L.R. 648, 650 (1944); 12 Am. Jur.2d, *Brokers*, § 38 at 801 (1964).

As the oral contract between Kimnach and Murphy was one for services and not one "for the sale of real estate," Code § 11-2(5) does not apply. We have held "that an agent authorized by parol to sign a contract for lands, is thereunto lawfully authorized, within the provisions of the statute [of frauds]." *Yerby* v. *Grigsby*, 9 Leigh (36 Va.) 387, 390 (1838). If an agent may be orally authorized to sign a contract for the sale of land, it necessarily follows that he may be orally authorized to perform the less formal service of procuring a buyer for land. It appears to have been generally assumed in this state, and correctly so, that an oral listing agreement between owner and realtor for the sale of real estate is valid and binding. *See Adelman* v. *Caputi*, 212 Va. 94, 181 S.E.2d 608 (1971); *Blankenship* v. *Childress*, 183 Va. 13, 31 S.E.2d 302 (1944). All that is required is a contract, express or implied. *Nusbaum and Co.* v. *Atlantic Realty*, 206 Va. 673, 679, 146 S.E.2d 205, 209 (1966). Here, the second amended motion for judgment sufficiently alleged performance by Reich of an express contract made April 18, 1972, by Kimnach and Murphy, in which Reich had an interest, to withstand Kimnach's demurrer.

■ The assertion that the May 9, 1972, written contract under which Skinner agreed to purchase the property from Kimnach

superseded Kimnach's listing contract with Murphy is irrelevant to Reich's claim. The second amended motion for judgment alleged that the contract of May 9, 1972, was executed by Kimnach and Skinner without the knowledge of Reich. Under these circumstances, the contract could not bind Reich, who had not signed it and who had disclaimed any knowledge of the contract prior to its execution. *See Nelson and Co.* v. *Development Corp.*, 207 Va. 386, 392, 150 S.E.2d 142, 147 (1966).

Moreover, the lack of privity of contract between Kimnach and Reich is no bar to Reich's claim. Reich was, in effect, claiming under an equitable assignment from Murphy, and, under the provisions of Code § 8-93.1[1] (Repl. Vol. 1957), he could maintain his action in his own name against the seller. *Arwood* v. *Hill's Adm'r*, 135 Va. 235, 245-46, 117 S.E. 603, 606-07 (1923).

For the foregoing reasons we hold that the second amended motion for judgment stated a cause of action sufficient at law and that the trial court erred in sustaining Kimnach's demurrer thereto. Accordingly, the judgment is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*

---

[1] Code § 8-93.1 provides as follows:

"When the legal title to any claim or chose in action, for the enforcement of the collection of which a court of equity has jurisdiction, is in one person and the beneficial equitable title thereto is in another, the latter may either maintain a suit in the name of the holder of the legal title for his use and benefit or in his own name to enforce collection of the same. In either case the beneficial equitable owner shall be deemed the real plaintiff and shall be alone liable for costs."