## CIRCUIT COURT OF THE CITY OF RICHMOND

Glenn W. Alvis, Sr.

v.

Richard J. Bryant
and John P. Bierowski

April 30, 1990

By JUDGE T. J. MARKOW

This matter is before the court on a petition to stay arbitration proceedings. Petitioner, Alvis, is a partner of respondents, Bryant and Bierowski, in a partnership called "BAB." The purpose of the partnership was to acquire and own a certain piece of property. The property was leased to IMS, a corporation owned by the partners. Following personal conflicts, petitioner no longer participated in the business of IMS but retained his share of the property owned by BAB. The ten-year lease entered into by BAB and IMS in 1980 expired earlier this year, and petitioner refused to consent to another lease with IMS. His refusal was based upon paragraph seven of the BAB partnership agreement which read:

> The consent of all partners shall be required with respect to management, conduct, and operation of the partnership business *in all respects and in all matters*, including, but not limited to, full power to sell and convey the Property on such terms as they may determine, *to lease*

*the Property* or any part thereof on such terms and for such periods as they may determine . . . . (Emphasis added.)

Respondents, however, claimed that the refusal to give consent amounted to a dispute in the management of the business and sought arbitration of the matter to determine arbitrability and to permit the arbitrator to decide on terms for the lease. In the arbitration proceeding, petitioner raised the issue of arbitrability and proceeded on that issue, under protest, denying the right of the arbitrator to decide either arbitrability or the substantive issue. Following a finding of arbitrability, the petitioner seeks a stay of arbitration proceedings and a reversal of the finding of arbitrability.

In resolving this matter, the court must determine whether Alvis waived his right to move for a stay of arbitration by participating in the arbitration hearing and, if not, whether the arbitration may be stayed because the issue involved is not arbitrable.

## I. *Waiver*

It is the respondents' position that petitioner's participation in arbitration of the issue of arbitrability constituted a waiver of rights to resist further arbitration proceedings; however, in his letter regarding arbitration of that issue, petitioner specified that the hearing was to be limited in scope. It was to address *only* arbitrability and not the merits of the case. Given that reservation of rights, respondents cannot be said to have waived the opportunity to stay the arbitration. *See, Coleman v. Nationwide Ins. Co.*, 211 Va. 579, 581, 179 S.E.2d 466, 469 (1971).[1] Furthermore, objections to a hearing on the merits of an arbitration proceeding prior to a hearing on the merits will preserve that issue for judicial resolution. *Village of Carpentersville v. Mayfair Const. Co.*, 100

---

[1] In Coleman, the court opined that waiver of a right must be intentionally relinquished, or, if established by "clear and unmistakable proof," a waiver may be implied. Id., 211 Va. 579, 581, 179 S.E.2d 466, 489. In the present case, the waiver was certainly not intentional, and if implied, the evidence is at best equivocal.

Ill. App. 3d 128, 132, 426 N.E.2d 558, 561 (1981). Thus, while petitioner submitted to arbitration to determine the arbitrability issue, that submission was clearly not intended to include arbitration of the substantive issue of the case, that being petitioner's refusal to consent to leasing the partnership property to IMS.

## II. *The Stay -- Vacating Finding of Arbitrator*

The court, in granting a stay of arbitration, would be required to reserve the arbitrator's finding of arbitrability. In doing so, the court must comply with the requirements of Va. Code Ann. § 8.01-581.01 through § 8.01-581.016, inclusive (1989 Cum. Supp.). Particularly, the court must adhere to § 8.01-581.02(B) which provides:

> On application, the court may stay an arbitration proceeding commenced or threatened on a showing that there is no agreement to arbitrate. Such an issue, when in substantial and bona fide dispute, shall be forthwith and summarily tried and the stay ordered if found for the moving party. If found for the opposing party, the court shall order the parties to proceed to arbitration.

and § 8.01-581.010(5) which provides:

> *Vacating an award.* -- Upon application of a party, the court shall vacate an award where
> . . .
> 5. There was no arbitration agreement and the issue was not adversely determined in proceedings under § 8.01-581.02 and the party did not participate in the arbitration hearing without raising the objection.
> The fact that the relief was such that it could not or would not be granted by a court of law or equity is not grounds for vacating or refusing to confirm the award.

## A. *Section 8.01-581.02(B)*

The first requirement in both provisions is that there has been no agreement to arbitrate. While this was the very issue before the arbitrator and it seems clear that the existing agreement is the means to that end, the Supreme Court of Virginia has stated obliquely that a matter that is not within the ambit of an agreement to arbitrate is analogous to the nonexistence of an agreement to do so in the first place. *See, Doyle and Russell, Inc. v. Roanoke Hospital Ass'n*, 213 Va. 489, 493-94, 193 S.E.2d 662, 666 (1973).[2] Thus, with regard to refusal to consent, which is the substantive issue in this matter and which is dealt with hereafter, it is possible to hold that "no agreement existed." Thus, if the refusal of consent was not a dispute within the meaning of the arbitration clause, then for the purposes of this petition, no agreement exists. If proved to be the case, § 8.01-581.02(B) is satisfied sufficiently to proceed to the question of whether Section 8.01-581.010(5) is fulfilled. The issue will be fully explored below.

## B. *Section 8.01-581.05*

This statutory provision requires (1) the absence of an agreement to arbitrate, (2) a finding that a motion to stay (under § 8.01-581.02) has not been denied, and (3) that the party seeking to have the finding of the arbitrator vacated "did not participate in the arbitration hearing without raising the objection." These requirements are conjunctive.

1. *Absence of an agreement.* The first requirement is subject to the same analysis applied to § 8.01-581.02 with regard to the absence of an agreement as discussed above. While there is no doubt that an arbitration agreement existed, there is a fair question as to whether it applied to the exercise of a right to refuse consent to lease the property. Petitioner maintains the following: that

---

[2] While the Doyle & Russell court was deciding the trial court's jurisdiction as opposed to the existence of an agreement, the analogy is nonetheless instructive.

the language of the partnership agreement with regard to management duties and restrictions is clear; all partners must consent to a lease before it may be entered into. There is then, according to petitioner's arguments, no dispute or controversy with regard to leasing or management of the partnership assets. Therefore, by the plain language of the document, each partner has a full and unqualified veto power specifically enumerated in the agreement. That being the case, there is no agreement to arbitrate this matter for there is no dispute or controversy.

Petitioner's argument has merit. The unqualified power to veto is specifically provided for in the agreement. The arbitration clause, on the other hand, is general and unspecified, except as to "disputes and controversies." The plain meaning of the "veto" language means that the partners may for any, or even without, reason refuse to consent to a lease. Where an agreement "on its face is plain and unambiguous in its terms, the court [or an arbitrator] is not at liberty to search for its meaning beyond the instrument itself." *Globe Co. v. Bank of Boston*, 205 Va. 841, 848, 140 S.E.2d 629, 633 (1965) (cited in *Berry v. Klinger*, 225 Va. 201, 208, 300 S.E.2d 792, 796 (1983)). On its face, the partnership agreement grants to each partner the unfettered right to block any of the enumerated actions in paragraph seven of that document. There is no specific provision for a procedure by which refusal may be "overruled." Because the right to refuse is unqualified, the exercise of that right cannot be a dispute or controversy. To find that to be the case would be to limit the unlimited right of refusal, which would be an alteration of the intent of the document as it appears on its face. Where the language of the agreement is clear and unambiguous, however, and without double or doubtful meaning, the court may not change its meaning. *Id.*

Defendants maintain that the arbitration clause contained in paragraph 13 allows examination into whether

or not a refusal of consent is a dispute or controversy.[3] Their position fails for two reasons.

First, the arbitration clause only operates when a claim or controversy exists, which is the very question at bar. The question of *whether* a claim or controversy exists is not within the ambit of the arbitration agreement; and, therefore, for the purposes of that issue, no agreement to arbitrate exists. Again, where the language of the contract is unequivocal, the court or forum is not at liberty to search for extended meaning. *W. D. Nelson and Co. v. Taylor Heights Dev. Corp.*, 207 Va. 386, 155 S.E.2d 146 (1966).

Second, respondents' interpretation of the agreement puts the two clauses in question at odds with one another. The court must read the contract as a unity and give full meaning to all sections thereof. *Berry*, 225 Va. 208, 340 S.E.2d 772. To hold that the arbitration clause operates to qualify a refusal of one partner to consent to a partnership action as a dispute subject to quasi-judicial review diminishes an unqualified right to the point of nonexistence in derogation of the plain meaning of that language, as discussed above. The inconsistency of such a construction is apparent.

It is well settled, however, that an apparent inconsistency of clauses within a single contract must be settled in favor of a more specific provision over a more general one. *See, Mutual Life Ins. Co. v. Hill*, 193 Va. 551, 558 (1904); *Chantilly Constr. Co. v. Dept. of Transportation*, 6 Va. App. 282, 294, 369 S.E.2d 438 (1988).

Paragraph seven speaks *directly* to the facts in the present case. Pursuant to an enumerated right, petitioner refused to consent to a proposed lease.[4] The language

---

[3] That paragraph reads: "13. Arbitration. Any controversy or claim arising out of or relating to this Contract, or the breach thereof, shall be settled by arbitration in accordance with the rules then obtaining of the American Arbitration Association, and judgment upon the award rendered may be entered in any court having jurisdiction thereof."

[4] The refusal clause, in pertinent part, reads: "(a) The consent of all partners shall be required with respect to management, conduct, and operation of the partnership business in all respects and in all matters, including, but not

states expressly that he had that right, stated no limitations, and provided for no mechanism to challenge that conduct. The arbitration clause, however, is quite general as it is meant to deal with "any controversy or claim" that could arise out of or relate to *this Contract*. It does not speak directly to the question at bar. For these reasons, no arbitration agreement exists for the purposes of § 8.01-581.020(5).

2. The requirement of § 8.01-581.010 that follow the absence of an agreement to arbitrate are easily fulfilled under the present facts. As there has been no previous action under § 8.01-581.02 to stay the proceedings, that requirement is met.[5]

3. And finally, there is the requirement that the objecting party have objected prior to participation in arbitration. Va. Code Ann. § 8.01-581.010(5). In *State of Rhode Island v. Local No. 2883, American Fed'n of State, County and Mun. Employees* (hereinafter AFSCME), 463 A.2d 182 (R.I. 1983), AFSCME, a union, appealed from an order denying a motion to confirm an arbitration award restoring a dismissed superintendent to his position. The case had gone to an arbitrator on two questions; whether the issue was arbitrable and whether the discharge was for just cause. *Id.* at 188. So, in essence, there was, as in the present case, a substantive question and a procedural question of arbitrability. Also, as in this case, the State had objected to arbitrability on the question of the basic issue prior to an agreed-to submission to an arbitrator of the procedural question. Despite that voluntary participation in arbitrating the issue of arbitrability, the Supreme Court of Rhode Island held that:

---

limited to, full power to sell and convey the property on such terms as they may determine to lease the Property or any part thereof on such terms and for such periods as they may determine . . . ."

[5] Pertinent parts of both statutes read: "and the issue was not adversely determined in proceedings under Section 8.01-581.02 . . . ." Va. Code Ann. Section 8.01-581.02 refers to judicial determination of arbitrability.

if a party objects to substantive arbitrability at the arbitration hearing and then proceeds to arbitration, the party has preserved the issue for later determination by a reviewing court. *Id*. at 189.

The entire arbitration hearing in the present case was petitioner's protesting the substantive arbitrability of the case. Defendants' Exhibit 6, letter from Chip Vaughan to Carlos Padilla, January 8, 1990. Petitioner submitted to arbitration on the limited basis and satisfied the statute's requirement to allow the decision to be vacated.

This court agrees with the Rhode Island court's reasoning and conclusion.

### III. *Conclusion*

For the same reasons that the court should find that no agreement existed as to the arbitrability of a refusal to consent to a lease, the court should also stay the arbitration of that issue. There is a specific right enumerated in the partnership agreement that should not be truncated by a general right of arbitration. Specificity in the consent clause precludes the existence of a dispute or controversy when exercised.