Present:  All the Justices

GSHH-RICHMOND, INC.

v.  Record No. 960493    OPINION BY JUSTICE BARBARA MILANO KEENAN
                                     January 10, 1997
IMPERIAL ASSOCIATES

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Theodore J. Markow, Judge

In this appeal, we consider whether a lease provided adequate consideration for the lessor's promise to pay a sales commission to the leasing agent if the lessee later purchased the property.

GSHH-Richmond, Inc. is the successor in interest to Virginia Realty and Development Company (collectively, Virginia Realty), a party to the disputed contracts in this case.  Virginia Realty sells and leases commercial real estate on behalf of its clients.

Imperial Associates is a general partnership which owned the Imperial Building in the City of Richmond.  In September 1993, Virginia Realty entered into a "Sales and Leasing Agreement" (the listing agreement), in which the "Owner" employed the "Agent," Virginia Realty, to procure a lease for the Imperial Building. The Owner agreed to pay Virginia Realty a six percent commission "on all leases originated by the Agent," and reserved the option to pay the balance of any lease commission due the Agent in the event of a sale.

In December 1993, Imperial Associates and Kaestner and Associates, a sole proprietorship, entered into a lease negotiated by Virginia Realty.  The lease provided Virginia Realty a commission of six percent of the rental income received

by Imperial Associates. The lease also specified that Virginia Realty would receive a sales commission of six percent of the purchase price, in addition to the rental commission, if Kaestner and Associates, its successors, or assigns purchased the building. The lease stipulated that the sales commission was provided "in consideration of Agent's consummating this lease."

Virginia Realty received its rental commissions pursuant to the lease from March through December 1994. During the summer of 1994, Imperial Associates advised Virginia Realty that it was interested in selling the Imperial Building to Kaestner and Associates.

In October 1994, Imperial Associates entered into a purchase agreement with Four Twenty Two Corporation, a corporation whose sole shareholder, officer, and director is Joseph W. Kaestner. In January 1995, Imperial Associates sold all its rights in the Imperial Building to Four Twenty Two Corporation for $1,550,000. Virginia Realty was not paid a sales commission on this transaction.

Virginia Realty filed a motion for judgment against Imperial Associates alleging that, under the lease, Imperial Associates owed Virginia Realty a $93,000 commission for the sale of the Imperial Building. Imperial Associates filed a motion for summary judgment on this issue, arguing that there was no additional consideration in the lease for the sales commission. Imperial Associates contended that Virginia Realty's services in

consummating the lease were no different from the responsibilities Virginia Realty had undertaken in the listing agreement.

The trial court granted summary judgment to Imperial Associates on this issue. The court concluded that Virginia Realty had provided no additional consideration for Imperial Associates' agreement to pay the sales commission.

On appeal, Virginia Realty argues that, in return for the sales commission, it rendered services in "consummating the lease" which included negotiation of the lease and advice provided during that process. Virginia Realty asserts that these services were distinct from, and in addition to, the services it was required to provide in "originating the lease."

In response, Imperial Associates contends that the listing agreement provided the entire compensation due Virginia Realty for the lease and sale of the property. Imperial Associates argues that Virginia Realty assumed only one obligation under both contracts, and that Imperial Associates' conditional promise of additional payment in the lease is not binding because Virginia Realty had a pre-existing duty to perform the same obligation under the listing agreement. We disagree with Imperial Associates.

We evaluate the consideration given for a contractual obligation in accordance with a well-established standard:

> Consideration is, in effect, the price bargained for and paid for a promise. It may be in the form of a benefit to the party promising or a detriment to the

> party to whom the promise is made. It matters not to what extent the promisor is benefitted or how little the promisee may give for the promise. A very slight advantage to the one party or a trifling inconvenience to the other is generally held sufficient to support the promise.

Sager v. Basham, 241 Va. 227, 229-30, 401 S.E.2d 676, 677 (1991) (quoting Brewer v. Bank of Danville, 202 Va. 807, 815, 120 S.E.2d 273, 279 (1961)); see also R.K. Chevrolet, Inc. v. Hayden, 253 Va. ___, ___, ___ S.E.2d ___, ___ (1997), decided today.

In reviewing the contracts before us, we also note that the words "originate" and "consummate" have different meanings. The plain, ordinary meaning of the word "originate" is "to cause the beginning of: give rise to: initiate." Webster's Third New International Dictionary 1592 (1993). In contrast, the plain, ordinary meaning of the word "consummate" is "to bring to completion." Id. at 490.

Applying these definitions, we conclude that the listing agreement required Virginia Realty to originate a lease by presenting to the owner a person or entity which eventually executed a lease for the premises. The listing agreement did not require Virginia Realty to complete the negotiation and execution of that lease to receive a rental commission.

Unlike the listing agreement, however, the lease contained a provision for the payment of a sales commission, and recited different, additional consideration for that commission. The sales commission was payable in consideration of Virginia Realty's consummation of a lease that resulted in sale of the

property.  In order to consummate a lease, Virginia Realty was required to bring the transaction to completion.  The lease specifically stated that a sales commission "shall be in addition to the rental commissions provided for in the immediately preceding paragraph."

This Court considered a similar factual situation in W.D. Nelson & Co. v. Taylor Heights Development Corp., 207 Va. 386, 150 S.E.2d 142 (1966).  There, the lease provided that if the tenants purchased the premises during the lease term, the agent would receive a sales commission based on the gross amount of the purchase price "in consideration of Rental Agent's consummating this lease."  Id. at 388, 150 S.E.2d at 144.  The trial court held that this provision was unenforceable for lack of "sufficient consideration."  Id. at 388, 150 S.E.2d at 145.

This Court held that "[a]lthough [the] promise to pay additional compensation was of a contingent nature it was based on adequate consideration.  Any other construction would be contrary to the intention of the parties as expressed by the plain language used and would amount to making a new contract for the parties."  Id. at 390, 150 S.E.2d at 145.

As recognized above, the consummation of a lease can be sufficient consideration to support a promise to pay a sales commission in the event that the leased property is purchased by the tenant.  Here, however, the sufficiency of the consideration for Imperial Associates' promise to pay a sales commission was

decided by the trial court on Imperial Associates' motion for summary judgment. In considering a motion for summary judgment, the trial court must adopt inferences from the facts alleged that are most favorable to the nonmoving party, unless those inferences are strained, forced, or contrary to reason. <u>Renner v. Stafford</u>, 245 Va. 351, 353, 429 S.E.2d 218, 220 (1993); <u>Carson v. LeBlanc</u>, 245 Va. 135, 139-40, 427 S.E.2d 189, 192 (1993).

Virginia Realty alleged in its motion for judgment that it procured a four-year lease with Kaestner and Associates, and that its services included assistance in the negotiation of that lease. An inference can be drawn from the facts alleged that Virginia Realty performed additional services beyond originating the lease to consummate the lease executed by the parties. Thus, at this stage of the proceedings, the legal requirement of consideration was satisfied.

For these reasons, we will reverse the trial court's judgment and remand this case for further proceedings consistent with this opinion.

<u>Reversed and remanded.</u>