## CIRCUIT COURT OF THE CITY OF RICHMOND

Alice Chaplin

v.

Brookwood Arboretum Associates, L.P.,
Brookwood Management Partners, L.P.,
Trammell Crow Co., N.E., Inc.,
Trammell Crow Mid-Atlantic, Inc.,
and Hy-Tech Parking Maintenance, Inc.

April 26, 2004

Case No. LM-1230-3

BY JUDGE BEVERLY W. SNUKALS

This case is before the court on Cross-Motions for Summary Judgment by Brookwood Arboretum Associates, Trammell Crow Mid-Atlantic, and Hy-Tech Parking Maintenance, Inc. These motions for summary judgment arise due to a cross-claim by Brookwood Financial Partners (" Owner" ) and Trammell Crow Mid-Atlantic (" Manager" ) alleging that Hy-Tech Parking Maintenance (" Contractor" ) is required to indemnify them from the judgment rendered against all Defendants. The Defendants in the underlying suit were Brookwood Financial Partners, Brookwood Financial Company, Inc., Trammell Crow Company, Trammell Crow Real Estate Services, Inc., Richmond Fitness, Inc., t/a American Family Fitness, and Hy-Tech Parking Maintenance, Inc. The first four Defendants were nonsuited on November 14, 2001. On the same date, the Plaintiff filed an Amended Motion for Judgment naming Brookwood Arboretum Associates, L.P., Brookwood Management Partners, L.P., Trammell Crow Company, N.E., Inc., Trammell Crow Mid-Atlantic, Inc., Hy-Tech Parking Maintenance, Inc., and Richmond Fitness, Inc., as Defendants. Richmond Fitness, Inc., d/b/a American Family Fitness, was indemnified prior to trial. Brookwood Arboretum Associates was the owner of the property located at 9101 Midlothian Turnpike at the time of the incident and had

contracted with Brookwood Management Partners to manage the property. Brookwood Management Partners, in turn, contracted with Trammell Crow Company, N.E., to manage the property, who contracted with Trammell Crow Mid-Atlantic to manage the property. Finally, Brookwood Arboretum Associates and Trammell Crow Mid-Atlantic contracted with Hy-Tech Parking Maintenance to provide snow removal services on the property.

On February 27, 2003, judgment was entered against all Defendants, in favor of the Plaintiff, Alice Chaplin, in the amount of $750,000. Owner and Manager have alleged in a cross-claim against Hy-Tech that Hy-Tech has a contractual obligation to indemnify them against this judgment based upon a contract between them entitled "Standard Service Agreement" and signed in December 1999. Owner and Manager argue that this contractual obligation arises from an indemnification provision located in Paragraph VIII of the agreement, providing:

> INDEMNIFICATION: Contractor shall defend, indemnify, save and hold harmless, Manager and Owner against any and all claims, expenses, loss, or liability whatsoever arising out of or in connection with the operations, activities, or omissions of Contractor, its employees, and agents in furnishing the services provided herein, excepting only such as are attributable to the negligence of Manager or its employees. Contractor's obligations hereunder shall survive the expiration or earlier termination of this Agreement.

Owner and Manager have moved for summary judgment, contending that the contractual provision clearly and unambiguously requires Hy-Tech to indemnify each of them.

Hy-Tech has also moved for summary judgment, arguing that, because another provision in the contract conflicts with the above-cited indemnification provision, the above-cited provision must be stricken from the contract, thereby leaving each Defendant responsible only for its pro-rata share of the judgment. In a written agreement, called Exhibit A, specifically incorporated into the December 1999 contract, there is a provision which reads:

> 2.1. The Customer will indemnify and hold harmless Hy-Tech Parking Maintenance, Inc., and their agents, and employees from and against all claims, damages, losses, and expenses, including attorney's fees arising out of or resulting from the performance of the work, provided that such claims, damages, loss, or expense is attributable to bodily injury, death, or [] injury to or destruction of tangible property, including the loss of use therefrom.

Hy-Tech has argued that this provision specifically contradicts the prior provision. Based upon this conflict, Hy-Tech contends that both contract provisions nullify each other, as there is no other reasonable interpretation of the contract.

The court agrees that the two above-cited provisions specifically contradict one another. However, the court does not find that it is necessary to determine what occurs when two provisions specifically contradict one another. Instead, the court finds that the second indemnification provision, relied upon by Hy-Tech, was never specifically incorporated into the contract and never, thereby, became a part of the agreement between the parties.

"Writings referred to in a contract are construed as part of the contract for the purpose and extent indicated." *W. D. Nelson & Co. v. Taylor Heights Devel. Corp.*, 207 Va. 386, 391, 150 S.E.2d 142 (1966). Hy-Tech has proposed that the entirety of Exhibit A was incorporated into the original contract. The court, however, disagrees. Exhibit A is referred to numerous times in the agreement. It is first generally referred to under Paragraph I entitled "SERVICES." Here, the contract provides that Hy-Tech must "provide Snow Removal Services in strict accordance with the Schedules and Scope of Services *set forth* within Exhibit A of this Agreement." (Emphasis added.) Hy-Tech contends that this statement incorporates the entirety of Exhibit A. However, the stated scope of the incorporation is limited to the "Schedules and Scope of Services" set forth in Exhibit A.

In order to interpret "Schedules and Scope of Services," the court looks to those other parts of the contract that specifically incorporate Exhibit A. Paragraph I(G) provides that "Snow Removal shall be provided as per schedules noted in Exhibit A." Paragraph I(I) provides that "all service employees shall be trained for their specific duties as specified in Exhibit A." Paragraph IV provides that "owner agrees to pay to Contractor a fee based upon the requirements set forth in Exhibit A." Nowhere in the contract is the indemnification provision included in Exhibit A specifically mentioned.

Even if the language in Paragraph I were interpreted as a general incorporation of Exhibit A and the language in the other provisions were interpreted as a specific incorporation of parts of Exhibit A, such a seeming conflict is easily remedied by basic contract interpretation principles. "Any apparent inconsistency between a clause that is general and broadly inclusive in character and a clause that is more specific in character should be resolved in favor of the latter." *Chantilly Constr. v. Department of Transp.*, 6 Va. App. 282, 294, 369 S.E.2d 438 (1988). Therefore, even if the first reference to Exhibit A would seem to conflict with the later references, it is these later, more specific references which would determine the extent and scope of the incorporation of Exhibit A. Further, if the general incorporation in Paragraph I

were intended to incorporate the entirety of Exhibit A, the specific references to Exhibit A throughout the contract would be rendered unnecessary and meaningless. For these reasons, the court finds that the indemnification provision contained in Exhibit A is not a part of the contract between the Defendants.

In its Motion for Summary Judgment, Hy-Tech has argued, that even if the court finds that the first indemnification provision applies in the case at bar, that Hy-Tech would not be required to indemnify either Owner or Manager because of an exception provided in the indemnification clause. The court agrees and finds that the indemnification clause does not operate to require Hy-Tech to indemnify either defendant in the case at bar.

The indemnification provision in the December 1999 contract provides that "Contractor" shall indemnify "Manager and Owner" for "any and all claims," "excepting only such as are attributable to the negligence of Manager or its employees." "Contractor" has been defined in the introductory paragraph of the contract as Hy-Tech, "manager" has been defined in Paragraph I(A) as Manager, and "owner" has been defined in the introductory paragraph as Owner. Therefore, the indemnification clause works to require Hy-Tech to indemnify Manager and Owner for all claims against them, "excepting only such as are attributable to the negligence of [Manager]."

It is the interpretation of this last quoted clause that is in dispute between the Defendants. Manager and Owner argue that the clause should be interpreted to exempt from indemnification only those claims for which only Manager is found negligent by the fact-finder. Therefore, in the case at bar, the indemnification provision would act to require Hy-Tech to indemnify both Owner and Manager because no "sole" negligence was found on the part of Manager. This interpretation of the clause, however, is repugnant to the plain meaning of the terms.

The plain meaning of the words "excepting only such," requires that Hy-Tech would be liable for all claims against Owner and/or Manager, with only the exception(s) following. Those claims that are excepted are those that "are attributable to the negligence of" Manager. Owner and Manager have argued that "attributable" should be read to mean "solely a result of." Certainly, a result may be, however, attributable to more than one cause. For this reason, without the explicit use of the words "sole" or "only" in the indemnification clause in question, the court cannot interpret the clause as requested by Owner and Manager. Therefore, in interpreting the contract provisions, the court finds that Hy-Tech need not indemnify Brookwood or Manager if negligence on the part of Manager is one of the factors causing a claim to arise.

The jury found "in favor of the plaintiff, Alice Chaplin, and against Manager Company, N.E., Inc., and Hy-Tech Parking Maintenance, Inc." There were no jury instructions regarding any type of vicarious or derivative liability. Therefore, the jury could only have found Manager Company, N.E., Inc., liable for its own acts of negligence. Further, Manager Mid-Atlantic, Inc., stipulated prior to the trial in this matter that, if Manager Company, N.E., Inc., was found liable, it too would be liable to the Plaintiff. For this reason, the court finds that the jury must have found that Manager Mid-Atlantic, Inc.'s negligence was a factor in causing the Plaintiff's injuries. Therefore, the exception clause of the indemnification provision applies, working to dismiss Hy-Tech's requirement to indemnify either Manager or Owner.

Owner has argued that, even if the exception clause applies to exempt Manager from indemnification, that Owner should still be entitled to indemnification by Hy-Tech because the exception clause only speaks to the independent negligence of Manager. The court finds, however, that Owner's indemnification is contingent upon a finding that there was no negligence on behalf of Manager and that the exception clause applies, as well, to the indemnification of Owner.

For the above reasons, the court finds that Hy-Tech has no contractual duty to indemnify Owner or Manager, each Defendant remaining liable for its pro-rata share of the judgment. The court will overrule the Motions for Summary Judgment of both Owner and Manager and sustain the Motion for Summary Judgment of Hy-Tech.

## Order

This case is before the court on Cross-Motions for Summary Judgment by Brookwood Arboretum Associates, Trammell Crow Mid-Atlantic, and Hy-Tech Parking Maintenance, Inc. These motions for summary judgment arise due to a cross-claim by Brookwood Arboretum Associates and Trammell Crow Mid-Atlantic alleging that Hy-Tech Parking Maintenance is required to indemnify them from a judgment rendered February 27, 2003, against all Defendants. For the reasons stated in a letter opinion dated April 26, 2004, it is hereby ordered that the Motions for Summary Judgment of Brookwood Arboretum Associates and Trammell Crow Mid-Atlantic are overruled and the Motion for Summary Judgment of Hy-Tech Parking Maintenance, Inc., is sustained.