Affirmed by unpublished opinion. Judge WILKINSON wrote the opinion, in which Chief Judge TRAXLER joined. Judge FLOYD wrote a dissenting opinion.
Unpublished opinions are not binding precedent in this circuit.
WILKINSON, Circuit Judge:
Sundersingh Bala brought a Title VII claim for retaliatory discharge against the Commonwealth of Virginia Department of Conservation and Recreation (“DCR”). The district court granted summary judgment to the DCR because Bala released this claim in a July 7, 2011, Settlement Agreement. We affirm the trial court’s holding that the Settlement Agreement included the retaliatory discharge claim. Having obtained the benefit of his bargain, Bala cannot now seek a remedy from the courts after knowingly and voluntarily relinquishing the underlying claim.
I.
Bala is a naturalized United States citizen of East Indian origin who joined the DCR’s accounting department in • 1985. Since that time, he has filed numerous employee grievances with the Department of Employee Dispute Resolution (“EDR”) alleging, among other things, that the DCR refused to promote him for discriminatory reasons. Most recently, he filed two related grievances: one in May 2009, alleging that the DCR failed to select him for the DCR’s Accounts Payable Supervi *638 sor position owing to discrimination against his age and national origin; and another in October 2009, alleging that his September 2009 termination (effective December 31, 2009) violated internal Department of Human Resource Management (“DHRM”) layoff policies, discriminated against him because of his age and national origin, and retaliated against his prior protected allegations of discrimination. J.A. 370.
Bala’s termination was part of a series of layoffs pursuant to an overall budget reduction for state agencies. Bala did not volunteer for early retirement and was not suggested for termination by his supervisors, but was nevertheless included on a list of employees under consideration for termination and eventually selected to be laid off. He alleged in his grievance, and later in his complaint, that he was selected for involuntary termination in retaliation for his numerous complaints of discrimination in grievances and court proceedings.
Employees of Virginia’s state agencies who have employment complaints file grievances with the EDR as part of a statutorily created dispute resolution process. The grievances are first reviewed by management in a three-step internal review process. Employees who are dissatisfied with the resolution of their grievances after this process may request a hearing with a neutral arbiter. The hearing officer’s decision is appealable to Virginia state circuit court if the employee believes the decision is contrary to law. Va. Code Ann. § 2.2-3006.
The initial three-step review of Bala’s May and October 2009 grievances, consolidated at his request, J.A. 290-293, found that DCR had not discriminated, retaliated, or failed to follow the DHRM policy governing layoffs. Displeased with this result, Bala requested and was granted a hearing. The administrative review of his grievances on February 1, 2011, found that the DCR had violated the DHRM’s policies (without reversing the other findings), and the hearing officer directed DCR to reinstate Bala to his former position. J.A. 372-374.
Meanwhile, Bala had already resumed work with the DCR as an hourly employee starting in February 2010, and had been receiving early retirement benefits since his termination. Both his hourly wages and the early retirement benefits would have been offset against any back pay he was due upon reinstatement. So instead of pursuing reinstatement, Bala and the DCR “concluded that it would be in their best interests to resolve this situation by agreement,” and they consequently negotiated a settlement agreement on July 7, 2011. J.A. 46.
Under the terms of the agreement, the agency agreed to not seek revocation of Bala’s enhanced retirement and related benefits, and to maintain his hourly position for at least three years as long as his job performance was satisfactory. J.A. 47. In return, Bala agreed to “waive any rights accorded to him pursuant to the hearing officer’s decision of February 1, 2011, including his reinstatement to his former salaried position.” Id. The agreement applied to “the grievance dated October, 2009 and/or case # 9295 Hearing officer final decision issued on February 1, 2011.” Id. The parties declared that each had an opportunity to seek counsel, and that the terms had been carefully read, fully understood, and agreed to voluntarily. Id.
On October 23, 2012, however, Bala initiated this civil action alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2 and -3, for discrimination and retaliation based on his race and national origin. The complaint contained a count of discrimination and a *639 count of retaliation against the DCR for both refusing to interview Bala for a grants manager position in 2011 and involuntarily terminating him in the layoffs in 2009. The district court granted a 12(b)(6) motion to dismiss on all counts. Bala v. Commonwealth of Va. Dep’t of Conservation & Recreation, No. 3:12CV748, 2013 WL 53744, at *1-2 (E.D.Va. Jan. 3, 2013). On appeal, we upheld the dismissal of the discrimination claim for Bala’s layoff, but reversed on the other three counts for “considering] DCR’s proffered legitimate nondiscriminatory reasons at a procedurally improper time, within the context of a Rule 12(b)(6) motion.” Bala v. Commonwealth of Va. Dep’t of Conservation & Recreation, 532 Fed.Appx. 332, 335 (4th Cir.2013).
On remand, Bala amended his complaint to allege only the retaliatory discharge claim. He claimed his layoff was in retaliation for his numerous grievances and court filings “complaining of race, national origin and age discrimination” — in particular his May 2009 grievance for failing to interview him for an Accounts Payable Supervisor position. J.A. 11-2, 16. After oral argument and supplemental briefing on the Settlement Agreement, the district court granted DCR’s motion for summary judgment on the grounds that the Settlement Agreement precluded Bala from bringing the claim. Bala v. Commonwealth of Va. Dep’t of Conservation & Recreation, No. 3:12CV748, 2014 WL 1281235, at *1, *5 (E.D.Va. Mar. 27, 2014). We now affirm the judgment.
II.
Title VII of the Civil Rights Act of 1964 protects employees from harms caused by an employer’s discriminatory or retaliatory actions. While litigation of such claims remains the ultimate option, the statute itself selected “[cjooperation and voluntary compliance” as the “preferred means” for eliminating unlawful discrimination. Alexander v. Gardner-Denver Co., 415 U.S. 36, 44, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974).
To that end, Congress created the Equal Employment Opportunity Commission (“EEOC”) as a mechanism “to settle disputes through conference, conciliation, and persuasion before the aggrieved party was permitted to file a lawsuit.” Id. Consistent with that purpose, the EEOC maintains a preference for “voluntary and expeditious resolution of disputes” between employers and employees through settlement. Admin. Exemption Allowing for Waivers Under the ADEA, 50 Fed. Reg. 40,870, 40,870-40,871 (proposed Oct. 7, 1985) (comparing ADEA and Title VII claims). Waiver of Title VII claims through settlement, therefore, is authorized, provided the waiver is knowing, voluntary, and part of a bargain that resolves the underlying employment discrimination dispute. See Alexander, 415 U.S. at 52 & n. 15, 94 S.Ct. 1011; Keith v. Aldridge, 900 F.2d 736, 741 (4th Cir.1990).
We must therefore determine whether Bala and the DCR’s Settlement Agreement effected a waiver of Bala’s retaliation claim. • “Settlement agreements operate on contract principles, and thus the preclusive effect of a settlement agreement ‘should be measured by the intent of the parties.’” Ohio Valley Envtl. Coal. v. Aracoma Coal Co., 556 F.3d 177, 211 (4th Cir.2009); see also First Sec. Fed. Sav. Bank, Inc. v. McQuilken, 253 Va. 110, 480 S.E.2d 485, 487 (1997). Where the parties’ intent is clear from the unambiguous terms of the contract, construed as a whole, we need not and cannot resort to extrinsic evidence of intent. See Goodman v. Resolution Trust Corp., 7 F.3d 1123, 1126 (4th. Cir.1993); W.D. Nelson & Co. v. Taylor Heights Dev. Corp., 207 Va. 386, 150 S.E.2d 142, 145 (1966).
*640 The Settlement Agreement stated plainly that “the parties have concluded that it would be in their best interests to resolve this situation by agreement.” J.A. 46. The “situation” referenced in that provision is described immediately before it— Bala was laid off, filed the October 2009 grievance, and pursued administrative review until he was awarded reinstatement by a hearing officer. Id. Furthermore, the Agreement stated clearly that it applied to the October 2009 grievance and/or the hearing officer’s final decision on February I, 2011. J.A. 47. These documents, therefore, were incorporated by reference as if included in the contract itself. See W.D. Nelson & Co., 150 S.E.2d at 146 (“Writings referred to in a contract are construed as a part of the contract for the purpose and extent indicated”). Finally, Bala explicitly waived any rights related to or flowing from that February 1, 2011, decision, specifically including the right to reinstatement to his former position. J.A. 47.
There can be no doubt that this Settlement Agreement addressed and resolved the matter now alleged in Bala’s Title VII retaliation claim. By its plain language, the Agreement covered “the grievance dated October, 2009 and/or case # 9295 Hearing officer final decision issued on February 1, 2011.” J.A. 47. The October 2009 grievance alleged misapplication of the agency’s layoff policies, discrimination, and retaliation for prior charges and grievances, resulting in Bala’s termination. J.A. 370. That the hearing officer only reversed the claim of violating agency policy does' not magically remove the other claims from the proceedings. The agency’s alleged retaliation, in the form of laying him off, is the crux of Bala’s only remaining claim in his Title VII complaint. See J.A. 16-17. The complaint clearly describes the same “situation” that both parties thought best to resolve by agreement. By so agreeing, Bala waived the right to resurrect his retaliation claim and reinstatement remedy in later litigation.
Bala cannot obtain through litigation what he voluntarily relinquished in the Settlement Agreement for good consideration. The relief sought in the grievance was reinstatement to his former position, with back pay and benefits. J.A. 370. He was granted this relief in the administrative review, and chose to negotiate away that specific remedy in order to retain his early retirement benefits and secure his hourly job for the next three years. J.A. 46-47. Now he seeks to obtain through judicial action the same remedy that he voluntarily forfeited in the Settlement Agreement. J.A. 17. He could have expressly reserved the right to bring the retaliation claim at a later time, but declined to do so. See Keith, 900 F.2d at 741. Bala negotiated his terms and obtained the benefit of his bargain. He cannot now claim what he earlier relinquished.
We thus hold that the Title VII claim for retaliation was unambiguously included in Bala’s July 7, 2011, Settlement Agreement with the DCR, and that therefore he is precluded from bringing that claim now in order to achieve a second bite at the apple.

AFFIRMED