CLARENCE S. TAPSCOTT ET AL., RESPONDENTS, v. LUCY C. McVEY, APPELLANT.

Submitted July 6, 1911—Decided October 20, 1911.

A contract under seal between vendor and vendee of real estate contained a provision that the plaintiffs were recognized by the vendor, the present defendant, as the brokers in the transaction and entitled to two and a half per cent. on the amount the property sold for. *Held,* that the plaintiffs were entitled to recover the specified commission whether the contract was regarded as one made between others for their benefit or as a contract between plaintiffs and defendant. *Stout* v. *Humphrey,* 40 *Vroom* 436, distinguished.

On appeal from District Court.

Before Justices SWAYZE and BERGEN.

For the plaintiff-respondent, *Vincent W. Nash, Jr.*

For the defendant-appellant, *Robert Newton Crane.*

The opinion of the court was delivered by

SWAYZE, J. The plaintiffs sued in the District Court for commissions on a sale of real estate. An agreement in writing under seal was made between the vendor and vendee which contained this language:

"And it is further agreed by the parties hereto that the said deed shall be delivered and received at the office of Tapscott Brothers, who are hereby recognized by the party of the first

part [the defendant] as the brokers in the transaction and entitled to two and a half percentage on the amount the property is sold for."

The agreement purports to be made in triplicate, but is in fact executed only by the parties of the first and second part. We think there can be no doubt that the provision was intended for the benefit of the plaintiffs. Properly construed, it must import an obligation on the part of the defendant to pay the commission agreed upon. If the words do not mean that, they mean nothing, and while there is no express promise to pay, a recognition by the defendant that they are entitled to the amount can only be made effective by her making good their recognized title to the commissions. By the statute they are entitled to maintain their action, although the contract for their benefit is made between other parties and the consideration need not move from the plaintiffs. *Pamph. L.* 1902, *p.* 709. There was an undoubted consideration as between the vendor and vendee. If, however, the case can be regarded not as a contract between the vendor and vendee for the benefit of the plaintiffs, but as a contract between the plaintiffs and defendant, that contract is enforceable. The difficulty in *Stout v. Humphrey,* 40 *Vroom* 436, was lack of consideration for the subsequent promise. The court did not hold that such a promise would not be binding in the case of a formal contract where no consideration is needed. The distinction was suggested in *Alpern* v. *Klein,* 47 *Id.* 53. This case is one of a formal contract under seal where no consideration is needed, or to use the less accurate language of some of the text-books where the seal imports a consideration.

The contract between vendor and vendee seems to have been fully performed by the delivery and recording of the deeds. It makes no difference as far as the rights of the plaintiffs are concerned that the title to the land in Washington conveyed to the defendant in exchange may be defective. The plaintiffs are in no way responsible for that defect, and she must rely upon the covenants for title in her deed.

The objection that the title to land came in question in the District Court is without force. Even if it had, the District

Court had jurisdiction. Section 30 of the District Court act gives jurisdiction of every suit of a civil nature at law where the matter in dispute does not exceed $500. *Pamph. L.* 1910, *p.* 228. This is very much broader than the statute relating to the court for the trial of small causes which was under consideration in the cases cited by appellant.

The judgment is affirmed, with costs.