JOHN BURT AND JOHN J. STEVENSON, TRADING AS LIGHTHOUSE DISTRICT REAL ESTATE AGENCY, RESPONDENTS, v. BROWNSTONE REALTY COMPANY, A CORPORATION, APPELLANT.

Argued November 16, 1920—Decided February 28, 1921.

1. The written instrument considered in this case—*Held* to be a contract made for the benefit of the plaintiffs within section 28 of the Practice act of 1903.

2. A written agreement stipulating that in consideration of services rendered by plaintiffs in negotiating a lease and renewals thereof and attending to the collection of rents, they should be paid a percentage on the rents and also a percentage on the sale price in case the landlord should sell to the tenant secured by them:—*Held*, not to be within section 10 of the statute of frauds relating to right of brokers to recover commission for selling or exchanging real estate.

3. Where a written agreement provided that "in consideration of services rendered by              as agents of the lessor," &c., certain compensation should be paid and it appeared without objection that the plaintiffs had acted throughout in a capacity as agents of such lessor in connection with the subject-matter of the agreement—*Held*, that they were entitled to recover thereon, notwithstanding the omission of their names in the writing.
4. An erroneous ruling of the trial court in a common law action will not be reviewed, even since the enactment of the Practice act of 1912, in the absence of an exception prayed at the time as a notification to the trial court that such ruling will be made the subject of review.

On appeal from the Supreme Court.

For the appellant, *Louis E. Stern.*

For the respondents, *Clarence L. Cole.*

The opinion of the court was delivered by

PARKER, J.    This was a suit for a commission of two per cent. upon the sale price of a piece of real estate in Atlantic City claimed by plaintiffs under a written contract in which they were not named as parties, but which they say was made in its present aspect for their benefit.    The plaintiffs had a verdict and judgment and the defendant appeals, stating as grounds the refusal of the trial court to nonsuit or direct for the defendant, and the admission in evidence of the contract in question, and also of a letter which was put in evidence.

The theory of the appellant is that the suit is for a broker's commission, and, consequently, within the tenth section of our statute of frauds and its amendments and supplements. *Comp. Stat., p.* 2617; *Pamph. L.* 1911, *p.* 703; *Pamph. L.* 1918, *p.* 1020.    With this view· we do not agree, as will presently appear.

The contract relied on, and which was admitted in evidence over the appellant's objection and exception, is. a sealed lease between the appellant, Brownstone Realty Company, as landlord, and one Mary O'Brien, as tenant, relating to a furnished cottage in Atlantic City for the term running from March

15th, 1919, to March 15th, 1920, rent payable monthly in advance, and containing the following paragraph, which is the basis of the respondents' claim:

"In consideration of services rendered by as agents of the lessor in procuring the within named tenant for the leased premises, and the further consideration hereinafter named, said lessor agrees with said agent that they shall be and remain agents for said lessor and said leased premises mentioned so long as said lessee is a tenant under this lease, or any renewal thereof, or any new lease; said agent is to receive a commission of four per cent. on the amount of rent actually paid by the lessee, and said agent agrees, if required by said lessor, in consideration of said commission, to endeavor to collect the rent as it falls due; and in the event that said lessee should purchase the leased premises during the term of this lease, or any renewal or new lease thereon, then said lessor agrees to pay said agent a commission of two per cent. upon the purchase price."

It appeared in evidence without any objection that the plaintiffs are a firm of real estate agents and brokers; that they procured Mary O'Brien as the tenant for the defendants; attended to the execution of a written lease and the collection of the rents, and then to a renewal of the tenancy to the same tenant by a further lease, also in writing, which is the paper now relied on. It further appears in the evidence that during the term the defendant lessor and the lessee agreed on a sale of the property which was carried out without consulting the plaintiffs who, upon learning of the transaction, claimed the two per cent. on the purchase price mentioned in the quoted paragraph, and also four per cent. on several months' rent which was paid directly to the landlord. This last claim was not included in the verdict and does not appear to have been abandoned; but as the case is argued as though no such claim existed, we disregard it at this time.

The first point made on this appeal is that the writing in question is not a contract made for the benefit of a third person so as to come within section 28 of the Practice act of 1903. *Comp. Stat., p.* 4059. To support this point it is

argued that the testimony for the appellant shows that neither the appellant nor Mary O'Brien intended to benefit the plaintiffs, and that the officers of the appellant had really no knowledge of the clause being in the lease. This evidence, however, cannot avail on this appeal, for where the parties deliberately execute a written instrument and no fraud is shown, they are charged with knowledge of its contents. The question of fraud was left to the jury and decided adversely to the appellant. This, as we view it, brings the case within the ruling of *Tapscott* v. *McVey,* 83 *N. J. L.* 747. It is plain from the very language of the paragraph quoted above that if the blank were filled by the name of a person, it would appear on the face of the paper that the stipulation was for the benefit of such person; and, as we shall presently see, there was evidence sufficient to go to the jury to indicate that the plaintiffs were the persons intended.

This brings us to the second point which, as stated in the brief, is that it was error for the trial judge to permit parol testimony to supply the name of the plaintiffs as agents and to admit *Exhibit P-1* (the lease) in evidence. So far as the parol testimony is concerned, it is sufficient to say that the admission of this testimony is not set up as a ground of appeal, and it might be well to add that it appeared without objection that the plaintiffs had negotiated the lease for the defendant and had collected the rents thereunder up to within two or three months of the sale. When we take up the question of the propriety of the admission of the lease itself, its relevancy and competency manifestly depend upon whether the plaintiffs were the "agents of the lessor in procuring the tenant;" and, as we have already said, this appeared in evidence without any objection whatever. Apart from this, the argument under this point is predicated upon the assumption that the agreement under consideration is a contract between an owner and a broker and within section 10 of the statute of frauds, but, as we have already intimated, we do not take this view. It is not an agreement to pay two per cent. on the purchase price for the services of a broker in effecting a sale; on the contrary, it is an agreement to compensate the

real estate agents for negotiating a lease and endeavoring to collect the rent as it falls due; for these services they are to receive a commission of four per cent. on all rent and of two per cent. on the sale price in case the landlord sells to the tenant. This makes the instrument as between the parties merely a contract at common law to pay certain sums of money in consideration of certain specified services, not including the effecting of a sale; and, consequently, the line of cases cited by the appellant in support of the well-established rule that where the name of the party is an essential element of a writing required by the statute of frauds, such name cannot be filled in by parol, becomes inapplicable. It is probably unnecessary to resort to the rule laid down in *Stephens-Adamson Co.* v. *Bigelow & Swain,* 84 *N. J. L.* 585, and adopted by this court on affirmance, 86 *Id.* 707. The point is that the paper itself specified that some persons not mentioned had performed services as agents, and were to perform other services in the same capacity, and that they were to be compensated in a certain specified way; the sole question being who those persons were; and this question was answered without objection in the testimony submitted on the part of plaintiffs, the answer being that they were the persons intended. In this situation the paper itself was manifestly competent as evidence.

The third point is that there was no consideration in fact for the promise to pay the commission. There was evidence to show the performance of services within the language of the contract, and however insignificant they may have been in fact—a point on which we do not pass—their adequacy as a consideration is not a subject of inquiry, either here or before the jury.

The last point is that the court erred in admitting in evidence a certain letter written by the plaintiffs to the defendant after the break between them and stating their claim. It is a sufficient answer to this to say that while its admission was objected to, there was no exception entered to the action of the court in overruling the objection. *Kargman* v. *Carlo,* 85 *N. J. L.* 632; *Miller* v. *Delaware River Transportation*

*Co., Id.* 700; *Lams* v. *Fish*, 86 *Id.* 321; *Daly* v. *Ewald*, 88 *Id.* 707; *Beachner* v. *Jengo*, 89 *Id.* 325; *Chrisafides* v. *Brunswick Motor Co.*, 90 *Id.* 313.

The judgment will be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 15.

*For reversal* — None.