SAMUEL COMLY, PLAINTIFF, v. FIRST CAMDEN NATIONAL
BANK AND TRUST COMPANY, A BANKING CORPORA-
TION OF THE STATE OF NEW JERSEY, DEFENDANT

Decided March 22, 1944.

For the plaintiff, *Wertheimer & Hyman* (by *Alexander K. Blatt*).

For the defendant, *Boyle & Archer* (by *Frederick P. Greiner*).

BURLING, C. C. J. and S. C. C.   Motion has been made to strike out the complaint upon the ground that the same fails to disclose a cause of action against the defendant (Supreme Court rule 40; *N. J. S. A. tit.* 2).

The specified grounds are seven in number, and these may be dealt with in two categories:

1—That the obligations arising out of the contract are not enforceable against the defendant as it was not a party to it. (Nos. 1, 2 and 3).

2—That by the construction of the terms of the agreement upon which suit is based and subsequent pleaded facts, plaintiff cannot prevail (Nos. 4, 5, 6 and 7).

In giving consideration to the motion, all facts that are well pleaded and legitimate inference from such facts are resolved to be true and in favor of the plaintiff for the purposes of this motion.

In disposing of the motion, the grounds in the second category will be dealt with in the first instance.

On January 30th, 1936, the plaintiff obtained a tenant known as Benjamin Schattin for premises 3003 Pacific Avenue, Atlantic City, New Jersey, who executed a lease wherein John Murphy, the owner of said premises, was the lessor. The lease was for a term commencing February 15th, 1936, to February 15th, 1937, and for a consideration of $1,500. This lease was executed by the lessor and lessee, but not by the plaintiff. The lease contained the following provision:

"In consideration of services rendered by Samuel Comly as agents of the Lessor in procuring the within named tenant for the leased premises and the further consideration hereinafter named, said Lessor agrees with said agent that they shall be and remain agents for said Lessor and said leased premises mentioned so long as said Lessee is a tenant under this lease, or any renewal thereof, or any new lease contracted within one year from the expiration hereof; said agent is to receive a commission of 5% per cent. on the amount of rent actually paid by the Lessee, and said agent agrees, if required by said Lessor, in consideration of said commission, to endeavor to collect the rent as it falls due; and in the event that said Lessee should purchase the leased premises during the term of this lease, or any renewal or new lease thereon, then said Lessor agrees to pay said agent a commission of 5% upon the purchase price."

Support for the position of the plaintiff to maintain the suit in this regard as being a contract for the benefit of the plaintiff may be found in *Burt* v. *Brownstone Realty Co.*

(*Court of Errors and Appeals,* 1920), 95 *N. J. L.* 457 (at *p.* 461) ; 112 *Atl. Rep.* 883.

Similar provisions have been held to involve a legal contract in favor of the plaintiff without resort to the provisions of *R. S.* 2 :26–3.6; *N. J. S. A.* 2 :26–3.6; *Burt* v. *Brownstone Realty Co., supra,* and *Tapscott* v. *McVey* (*Supreme Court,* 1911), 82 *N. J. L.* 35 (at *p.* 36) ; 81 *Atl. Rep.* 348, and affirmed in (*Court of Errors and Appeals,* 1912), 83 *N. J. L.* 747; 85 *Atl. Rep.* 343.

In the case of *Burt* v. *Brownstone Realty Co., supra* (at *p.* 460) ; 112 *Atl. Rep.* 884, it was held:

"Apart from this, the argument under this point is predicated upon the assumption that the agreement under consideration is a contract between an owner and a broker and within section 10 of the statute of frauds, but, as we have already intimated, we do not take this view. It is not an agreement to pay two per cent. on the purchase price for the services of a broker in effecting a sale; on the contrary, it is an agreement to compensate the real estate agents for negotiating a lease and endeavoring to collect the rent as it falls due; for these services they are to receive a commission of four per cent. on all rent and of two per cent. on the sale price in case the landlord sells to the tenant. This makes the instrument as between the parties merely a contract at common law to pay certain sums of money in consideration of certain specified services, not including the effecting of a sale."

On the 16th day of October, 1936, a further lease was executed between the same parties for the term commencing February 15th, 1937, to February 15th, 1938, at a rental of $1,500, containing the aforesaid provision with respect to the plaintiff, Samuel Comly. He was not a party to and did not execute this instrument.

On October 6th, 1937, a further lease was entered into between the said John Murphy and Catherine Dooley, and Benjamin Schattin, as tenant, for a term from February 15th, 1938, to February 15th, 1940, at the rent of $3,000. This instrument did not contain any provision relating to or in reference to the plaintiff.

On October 1st, 1939, the defendant acquired title to the aforesaid premises by deed from John Murphy and Catherine Dooley. It executed a lease to the said Benjamin Schattin on October 6th, 1939, for a period from February 15th, 1940, to February 15th, 1942. This lease contained no provision relating to or in reference to the plaintiff.

Sale was made of the premises in question by the defendant to Benjamin Schattin on July 23d, 1943, for a consideration of $11,000.

Payment of commissions on rentals were terminated February 15th, 1940. The complaint alleges damages in two respects, 1—commission of $550 upon the sum of $11,000 purchase price, and 2—5% of rents alleged to have been received by the defendant from February 15th, 1940, to July 23d, 1943.

Agreements of somewhat similar nature affecting property in Atlantic City and Ventnor City have been construed by the courts of this state, and reported in *Burt* v. *Brownstone Realty Co., supra,* and *Bacharach* v. *Mitnick (Supreme Court, 1938),* 121 *N. J. L.* 401; 3 *Atl. Rep. (2d)* 92.

The defendant's attack lies not with the theory upon which the plaintiff's alleged cause of action is grounded but as heretofore asserted that the construction of the agreement in relation to the admitted facts bars recovery.

Even assuming that the agreement of October 16th, 1936, is a renewal of the agreement of January 20th, 1936, or that it is an independent agreement predicated upon the consideration for negotiating the lease and endavoring to collect the rent as it falls due, then the agreement of October 6th, 1937, became a "new lease" contracted within one year from the expiration thereof (February 15th, 1938).

In the interim between February 15th, 1940, and the date of sale, a further "new lease" dated October 16th, 1939, and contracted more than one year from the expiration date (February 15th, 1938) hereinbefore referred to was entered into by the defendant and Benjamin Schattin and no mention of the plaintiff was contained therein and no payments were made to him thereunder.

The sale was made (July 23d, 1943) subsequent to the

expiration (February 15th, 1940) of the "new lease" dated October 6th, 1937, hereinbefore referred to and commissions upon rentals were voluntarily paid to February 15th, 1940, expiration date of the "new lease," despite direct payments of rent by the lessee to the lessor.

As stated heretofore previous adjudications of a somewhat similar agreement have adjudged a contract of this nature not to be an agreement to pay for services in effecting a sale but rather compensation to the real estate agent for certain specified services, not including the effecting of a sale, rendered during the term of the agency. The reward was both in payment of a percentage of rents collected regardless of whether the service was rendered by the agent or not, and for further compensation based upon a percentage of the sales price of the premises if made to the tenant. The limitation was during the period of plaintiff's agency and only during such was compensation payable.

The contract contains a formula for the limitation of the period of plaintiff's agency and that specified period definitely spent itself. The reasons assigned in the second category are meritorious and will be sustained.

By virtue of the disposition of the reasons assigned in the second category in favor of the defendant it becomes unnecessary to dispose of the reasons assigned in the first category. However, it may be said that as a general rule an action on a contract cannot be maintained against a person who is not a party to it. 17 *C. J. S., Contracts,* 1143, § 520. The mere allegation of acquisition of possession by the defendant, subject to the rights of the tenant, Benjamin Schattin, for the benefit of the plaintiff, is relied upon as the basis of the right of action against the defendant in this regard.

Paragraph 11 of the complaint alleges the following:

"The said defendant, First Camden National Bank and Trust Co., had knowledge of the provisions of the terms of the aforesaid lease as set out in paragraph 4 and ratified said proviso and participated in the payment of commissions on rentals."

Ratification is attempted to be spelled by the action of the defendant in making payment of compensation upon rents

received by it between August 1st, 1939, the date of acquisition of title by it, and February 15th, 1940, the termination of the term of the lease dated October 6th, 1937, so called "new lease." The theory of liability upon this position is apparently upon the premise that by its act of payment of a percentage of the rentals collected during the period aforesaid constituted a factual question of adoption by it of the effect of the terms of the lease of January 30th, or October 16th, 1936. As pointed out in the first part of this opinion, any potential liability had expired so there remained nothing to ratify. Even so defendant could pay compensation in the form of commission based upon rents to end of agency (February 15th, 1940) and still repudiate further liability. *Smith-Austermuhl Co.* v. *Jersey Rys. Adv. Co. (Court of Chancery,* 1918), 89 *N. J. Eq.* 12 (at *p.* 16); 103 *Atl. Rep.* 388. None of the leases contained any express provision that they were to be binding upon the successors in title or assignees of the lessor. The defendant further contends the inference to be drawn from the decision of the court in the case of *Bacharach* v. *Mitnick* (at *p.* 404); 3 *Atl. Rep. (2d)* 92, is to the effect that any liability is limited to a purchaser from the lessor who executed the agreement. This contention is not required to be met in the disposition of this motion, for even upon the assumption that the agreement under consideration is binding upon the defendant, still the reasoning applied in the disposition of the first category of this motion is applicable, and no cause of action is maintainable.

An appropriate rule may be presented to strike out the complaint.