246 N.J. Super. 615 (1991)
588 A.2d 444
R. WILSON PLUMBING & HEATING, INC., PLAINTIFF-APPELLANT,
v.
DONNA WADEMAN, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted March 5, 1991.
Decided March 26, 1991.
*616 Before Judges PRESSLER, BAIME and ARNOLD M. STEIN.
Glenn T. Leonard, attorney for appellant.
Mandelbaum, Salsburg, Gold, Lazris, Discenza & Steinberg, attorneys for respondent (Steven E. Brawer, of counsel and on the brief).
The opinion of the court was delivered by PRESSLER, P.J.A.D.
Plaintiff R. Wilson Plumbing & Heating, Inc. brought this action in the Special Civil Part to recover payment of a bill in the amount of some $1,500 plus interest which it had rendered to defendant Donna Wademan for repair of a shower in a bathroom of her home. Defendant counterclaimed, alleging that the work had been done in a negligent and unworkmanlike manner as a result of which she sustained damage, namely the cost of correcting the defective work. Following a bench trial, the court, in a written letter opinion, found not only that the plaintiff's work had been improperly done, resulting in damage to defendant in the amount of $3,000, but it also concluded that plaintiff's conduct constituted a violation of the Consumer Fraud Act, N.J.S.A. 56:8-1, et seq. The judge therefore held defendant entitled to treble damages but limited her recovery to $5,000, the court's jurisdictional limitation. Plaintiff appeals, claiming that consumer fraud was not a justiciable issue in the case. We agree and accordingly reverse.
At the outset we are satisfied that the evidence supported the trial judge's findings that plaintiff's performance of the repair was prosecuted in an unworkmanlike manner, that he was consequently entitled to no recovery and that defendant was entitled to compensatory damages of $3,000 on her counterclaim. R. 2:11-3(e)(1)(A) and (E).
The problem here is the judge's sua sponte reliance in his letter opinion on consumer fraud as the dispositive issue. Neither *617 consumer fraud nor legal or equitable fraud had been pleaded, raised at trial, or asserted in any other way. The summations, consistent with the thrust of the proofs, dealt only with the manner in which the work had been performed. The judge's letter opinion was the first injection of consumer fraud into this case, and entry of judgment on a consumer fraud cause of action was therein directed without any prior notice to plaintiff and without affording it any opportunity to meet that cause of action either legally or factually.
We are satisfied that the judgment so directed cannot stand. We are aware that the proofs might have supported a consumer fraud cause of action and a consumer fraud remedy by reason of plaintiff's apparent or arguable violation of N.J.A.C. 13:45A-16.2(a)7(ii), 10(i) and 12.[1] We are also aware that R. 4:9-2 permits issues not raised by the pleadings and pretrial order which are tried by consent or without objection to be "treated in all respects as if they had been raised in the pleadings and pretrial order." The rule does not, however, permit the trial court to enter judgment against a party on a cause of action which is conceived of by the judge only after submission of the case to him for decision, which comes as a complete surprise to all the litigants, and whose post-trial interjection in the case obviously prejudices the litigant who is accorded no opportunity to offer a factual or legal defense.
The issue before us is not one of technical pleading requirements. It is rather one of procedural due process. As Justice *618 Heher pointed out in Sattelberger v. Telep, 14 N.J. 353, 363, 102 A.2d 577 (1954):
There is a want of jurisdiction to render judgment unless there be a submission of a justiciable controversy to a competent tribunal in some mode sanctioned by the constitutional precept that accords to the defendant the hearing on notice inherent in due process. Pleading in civil actions as the means of raising issues for adjudication; and where, as here, there is not even the semblance of a cause of action pleaded against a particular defendant, there is no issue for determination and no basis for judgment against him, unless the parties waive formal pleading of operative facts and by consent submit an issue to the court for determination.
And see Grobart v. Society of Establishing Useful Mfrs., 2 N.J. 136, 65 A.2d 833 (1949). See also Rivera v. Gerner, 89 N.J. 526, 538, 446 A.2d 508 (1982), making clear that "[a]n appropriate regard for the orderly judicial process requires that parties be given a fair opportunity to pass on points critical to their cases."
In order to insure a litigant's due process right to be apprised of the nature of the claim against him and to be accorded the opportunity to address it fully, R. 4:9-2 authorizes the amendment of pleadings during trial only if the "objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits." Thus, as we held in Essex County Adjustor v. Brookes, 198 N.J. Super. 109, 114, 486 A.2d 875 (App.Div. 1984), in reversing that portion of a judgment entered by reason of the court's sua sponte recognition of an issue neither asserted nor raised prior to conclusion of the trial:
Although under R. 4:9-2 the claims of a party may be deemed amended to conform to the proofs at a trial, such amendment should be at the behest of a party and should be granted only if there is a full hearing where the evidence and arguments for and against the issue may be considered.
See also Bainhauer v. Manoukian, 215 N.J. Super. 9, 45, 520 A.2d 1154 (App.Div. 1987); Skripek v. Bergamo, 200 N.J. Super. 620, 629, 491 A.2d 1336 (App.Div.), certif. denied, 102 N.J. 303, 508 A.2d 189 (1985).
The plaintiff here came to court seeking recovery of a bill for plumbing services performed. It had been placed on notice that *619 the quality of its services was being challenged. It was prepared to deal with the workmanship issues. It was not noticed that its conduct could be deemed violative of regulations implementing the Consumer Fraud Act and that it might consequently be held to treble damages and an award of counsel fees. If the trial judge determined that in the interests of justice plaintiff had to respond to that claim without defendant having asserted it, he was obliged to permit plaintiff to defend itself before the issue was adjudicated against it. His failure to do so deprived plaintiff of due process.
In raising the consumer fraud issue sua sponte, the trial judge expressly relied on Blake Construction v. Pavlick, 236 N.J. Super. 73, 564 A.2d 130 (Law Div. 1989). To the extent that opinion is contrary to our holding respecting a party's right to notice and the opportunity to defend, it is overruled.
The judgment appealed from must be modified. We remand to the trial court for entry of judgment in the amount of defendant's adjudicated compensatory damages plus interest. In all other respects the judgment is affirmed.
NOTES
[1] N.J.A.C. 13:45A-16.2(a)(7)(ii) makes it an unlawful practice for a home improvement contractor to fail to begin or complete work when or within the time period specified. N.J.A.C. 13:45A-16.2(a)10i makes it an unlawful practice for a home improvement contractor to fail to obtain required permits. N.J.A.C. 13:45A-16.2(a)12 makes it an unlawful practice for a home improvement contractor not to obtain the home owner's written approval to contract changes. The evidence here permitted the finding that plaintiff had not obtained defendant's written consent to a $250 extra to which she had agreed and that plumbing permits for some of the work were "probably" required but not acquired. There was substantial dispute, however, respecting the timing of completion of the work because of the alleged unavailability of plaintiff's tiler.