**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0953-18T3

COMMERCE LIMITED
PARTNERSHIP #9326,

      Plaintiff-Appellant,

v.

EDISON FURNITURE, LLC,
d/b/a ALL BRANDS FURNITURE
CLOSEOUTS, LLC,

      Defendant-Respondent.

_____

Argued January 29, 2020 – Decided February 19, 2020

Before Judges Mayer and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-4047-17.

Jonathan R. O'Boyle argued the cause for appellant.

Carlos Aaron Ortiz argued the cause for respondent.

PER CURIAM

Plaintiff Commerce Limited Partnership #9326 appeals from a July 23, 2018 no cause finding after a bench trial in favor of defendant Edison Furniture, LLC d/b/a All Brands Furniture Closeouts, LLC and an October 18, 2018 order denying its motion for a new trial. In addition, plaintiff appeals from various pre-trial orders related to discovery and denial of summary judgment. We affirm all orders on appeal.

Plaintiff owns property with a stand-alone commercial building that it leased to defendant on March 3, 2010.[1] In accordance with the lease, defendant is obligated to pay monthly rent, as well as late fees, taxes, and insurance. If defendant breached the lease terms, defendant was accorded an opportunity to cure. If defendant failed to cure its breach under the lease, plaintiff could exercise its "rights and remedies . . . provided for by law or equity or elsewhere in this [l]ease." In such event, plaintiff could seek reimbursement from defendant for "reasonable sums paid or costs incurred by [it] in curing such default." The lease also required defendant to indemnify plaintiff for liabilities arising out of defendant's use of the property.

---

[1] Lease amendments were signed on March 18, 2010 and October 2, 2014.

A-0953-18T3

On July 5, 2017, plaintiff filed a complaint alleging defendant breached the lease by failing to pay late charges and rent for 2015 and 2016. Plaintiff also claimed defendant failed to carry adequate insurance in accordance with the lease. Plaintiff demanded all outstanding amounts due under the lease, plus reasonable attorney's fees and costs. Plaintiff also sought to evict defendant.

After filing its complaint, plaintiff received municipal summonses for failure to maintain the property. Plaintiff retained a law firm, incurring $8179.50 in legal fees, to defend cited ordinance violations. Plaintiff also spent $1765 to remedy the cited conditions at the property and sought repayment of these expenses pursuant to the lease.

Defendant filed an answer and affirmative defenses. Defendant asserted waiver, estoppel, and other defenses. Thereafter, the parties exchanged discovery. Defendant provided signed answers to interrogatories on March 5, 2018, and defendant's representative was deposed on March 12, 2018.

In February 2018, plaintiff filed a motion for summary judgment based on defendant's breaches of the lease. The judge denied the motion because discovery was ongoing and there were genuine disputed issues of material fact regarding the amount defendant owed.

A-0953-18T3

During discovery, plaintiff sent a March 20, 2018 letter, entitled "Estoppel Letter," to defendant and asked defendant to execute and return the document. The letter instructed defendant to "make . . . corrections in ink and initial same" if any of the statements were incorrect. Although the parties were engaged in contentious litigation related to defendant's breaches under the lease, the letter requested defendant certify as true the following statements:

1. The Lease is unmodified and in full force and effect.

2. [Defendant] . . . paid all Rent due through the period of March 31, 2018.

3. [Defendant] is not in default in the performance of any covenant, agreement or condition contained in the Lease.

4. [Plaintiff] is not in default in the performance of any covenant, agreement or condition contained in the Lease.

5. The Commencement of the Term was March 15, 2010.

6. The statements made herein may also be relied upon by [plaintiff], any prospective purchaser of the Demised Premises or any mortgagee thereof or any assignee of [plaintiff]'s interest in the Lease.

Defendant, fearing the letter was a "trick," declined to sign the document. Instead, defendant forwarded the letter to its attorney.

A-0953-18T3

Plaintiff also filed motions asserting defendant failed to provide fully responsive discovery. Because the trial was set to begin shortly after the motions were to be heard, the pre-trial judge determined any discovery violations would be "better addressed at trial."

The matter was tried before a judge without a jury on May 23, June 11, and June 12, 2018. Immediately prior to trial, plaintiff filed in limine motions regarding admission of evidence. The judge reserved on the motions, explaining she would address potentially inadmissible evidence during the trial.

During opening argument, defense counsel argued plaintiff's Estoppel Letter waived any breaches of the lease prior to March 20, 2018. Plaintiff's counsel objected to remarks related to the Estoppel Letter, claiming he only received the letter the day before trial.

Each party presented a single trial witness. After defendant presented its case, plaintiff sought to present rebuttal evidence to refute defendant's claim it paid monthly rent in full and on time. Because the judge admitted in evidence the lease, defendant's checks, and plaintiff's check log, she stated she would review the documents and the testimony to determine whether defendant owed rent, and denied plaintiff's proffered rebuttal testimony.

A-0953-18T3

On June 12, 2018, counsel gave closing arguments. In a July 23, 2018 written decision, the judge determined defendant owed $21,109.92 to plaintiff. However, the judge found the Estoppel Letter constituted a "waiver of any rights available to [plaintiff] in this suit," and plaintiff was precluded from enforcing the lease based on defaults arising prior to the date of the Estoppel Letter. The judge denied plaintiff's claims in their entirety, and dismissed the complaint with prejudice.

Plaintiff moved for a new trial. The judge heard argument on the new trial motion and denied it in an October 18, 2018 order and written decision.

On appeal, plaintiff raises several challenges. Plaintiff claims the judge erred in denying its motion for summary judgment. Plaintiff also argues the judge erred in admitting the March 20, 2018 Estoppel Letter, and finding the document constituted a waiver of its claims that defendant breached the lease. Further, plaintiff contends the judge erred in denying plaintiff's request to present rebuttal testimony. In addition, plaintiff asserts the judge erred in excluding evidence of a monetary fine and legal bills incurred as a result of defendant's violation of municipal ordinances. Plaintiff also claims the judge erred in denying its motion for a new trial.

A-0953-18T3

Our scope of review after a bench trial is limited. Final determinations of a trial court "premised on the testimony of witnesses and written evidence at a bench trial" are deferentially reviewed. D'Agostino v. Maldonado, 216 N.J. 168, 182 (2013). "Findings by the trial judge are considered binding on appeal when supported by adequate, substantial and credible evidence." Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 484 (1974).

"[W]e do not disturb the factual findings and legal conclusions of the trial judge unless we are convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice[.]" Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011) (second alteration in original) (quoting In re Tr. Created By Agreement Dated Dec. 20, 1961, 194 N.J. 276, 284 (2008)). We will "not weigh the evidence, assess the credibility of witnesses, or make conclusions about the evidence." Mountain Hill, L.L.C. v. Twp. of Middletown, 399 N.J. Super. 486, 498 (App. Div. 2008).

We first address plaintiff's argument that the judge erred in denying its motion for summary judgment. Summary judgment decisions are reviewed de novo, applying the same standard as the trial court. Townsend v. Pierre, 221 N.J. 36, 59 (2015). A court should deny summary judgment when "the

competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). When discovery is incomplete, summary judgment should ordinarily be denied. Crippen v. Cent. Jersey Concrete Pipe Co., 176 N.J. 397, 409-10 (2003) (citing Laidlow v. Hariton Mach. Co., 170 N.J. 602, 619 (2002)).

Applying this standard, the judge properly denied summary judgment because discovery was incomplete. Given the significant factual disputes and ongoing discovery when plaintiff filed for summary judgment, we discern no basis to reverse the judge's denial of the motion.

We next consider whether the judge erred in admitting the Estoppel Letter and finding the document constituted a waiver of plaintiff's right to declare defendant in default of the lease. Plaintiff argued the judge's admission of the Estoppel Letter was prejudicial because the document was provided the day before trial. It also contended the judge failed to formally admit the Estoppel Letter in evidence.

In a bench trial, the court's role as evidentiary gatekeeper is merged with the fact-finding function normally reserved for a jury. State v. Hannah, 448 N.J.

Super. 78, 89-90 (App. Div. 2016) (citing State v. Tormasi, 443 N.J. Super. 146, 156-57 (App. Div. 2015)). The judge in a bench trial is presumed to be cognizant of the appropriate weight of evidence that potentially runs afoul of the rules of evidence. N.J. Div. of Child Prot. & Permanency v. J.D., 447 N.J. Super. 337, 349 (App. Div. 2016). Based on this standard, the need for formal admission or exclusion of evidence is unnecessary. It is presumed in the context of a bench trial "that the fact-finder appreciates the potential weakness of . . . proofs, and takes that into account in weighing the evidence." Ibid.

Here, the judge explained she would "take the appropriate notice" of the documents marked during the trial. All marked documents were offered to the judge for her consideration with counsels' caveat that she accord appropriate weight to the evidence based on the objections asserted during the trial.

The judge found plaintiff's principal authored the Estoppel Letter and sent it to defendant while the litigation was pending. Plaintiff's counsel received a copy of the Estoppel Letter prior to trial. Based on defense counsel's opening argument, plaintiff's counsel knew defendant intended to rely on the Estoppel Letter as part of its defense. Therefore, the judge did not find any "prejudicial impact" associated with the Estoppel Letter.

A-0953-18T3

Based on this record, we disagree plaintiff was unfairly surprised or unduly prejudiced by the admission of the Estoppel Letter. In a contested litigation, as here, it is axiomatic that parties will offer evidence to advance their cause to the disadvantage of the adverse party. See Stigliano v. Connaught Labs., Inc., 140 N.J. 305, 317 (1995) ("We would ill-serve the cause of truth and justice if we were to exclude relevant and credible evidence only because it might help one side and adversely affect the other.").

We also reject plaintiff's contention that defendant hid its intent to rely on the Estoppel Letter as a defense until the day before trial. Defendant's certified discovery responses and the deposition of defendant's representative pre-dated the Estoppel Letter. Defendant's waiver argument could not have been formed until after receipt of plaintiff's Estoppel Letter.

Because we are satisfied the judge's admission of the Estoppel Letter was proper, we consider whether the judge erred in finding the Estoppel Letter constituted a waiver of plaintiff's claims for breach of the lease.

"Waiver is the voluntary and intentional relinquishment of a known right." Knorr v. Smeal, 178 N.J. 169, 177 (2003). While the party waiving a right must do so "clearly, unequivocally, and decisively," it need not expressly state its intent to waive, "provided the circumstances clearly show that the party knew

A-0953-18T3

of the right and then abandoned it, either by design or indifference." Ibid. An analysis of whether a party waived a right is fact-sensitive. Cole v. Jersey City Med. Ctr., 215 N.J. 265, 277 (2013) (citing Knorr, 178 N.J. at 177).

Here, plaintiff's Estoppel Letter was highly probative of plaintiff's waiver of its right to enforce the lease against defendant. The letter was sent by plaintiff's principal during the pendency of plaintiff's litigation for breach of the lease. Despite the pending legal action, the Estoppel Letter clearly and unambiguously stated neither plaintiff nor defendant were in breach of the lease as of March 20, 2018.

We next consider plaintiff's claim that the judge erred because she did not address its claim that defendant failed to carry proper insurance. Having reviewed the record, the judge's decision on the failure to maintain insurance was not an abuse of discretion. The judge declined to address the lack of adequate insurance because the issue was subsumed in her decision that the Estoppel Letter constituted a waiver of plaintiff's claims against defendant through March 20, 2018. Plaintiff alleged defendant failed to maintain insurance prior to the date of the Estoppel Letter. Therefore, it was one of the claims waived, not requiring its own explanation.

A-0953-18T3

We need not consider plaintiff's argument that the judge erred in failing to address defendant's obligations to pay the municipal fine or plaintiff's legal fees in defending the municipal summons because the issues were not raised in plaintiff's complaint. Nor did plaintiff amend the complaint to include these allegations. See Fair Share Hous. Ctr., Inc. v. N.J. State League of Municipalities, 413 N.J. Super. 423, 433-34 (App. Div. 2010), rev'd on other grounds, 207 N.J. 489 (2011). Plaintiff's claim for expenses arising after the filing of its complaint required amendment of its pleading.[2]

Attorney's fees can be awarded as a "traditional element of damage[s]" where they represent "the reasonable counsel fee incurred . . . in defending" an action. Gerhardt v. Cont'l Ins. Cos., 48 N.J. 291, 300 (1966). In addition, where there is an indemnification provision allowing recovery of legal fees, a common-law indemnitee "may recoup from the indemnitor the reasonable costs of its

---

[2] Defendant objected to evidence of the municipal fine and legal bills and never consented to the trial court's adjudication of whether it was responsible for payment of these items. Therefore, Rule 4:9-2, allowing the amendment of a pleading during trial to conform to the evidence, was inapplicable. See R. Wilson Plumbing & Heating, Inc. v. Wademan, 246 N.J. Super. 615, 618-19 (App. Div. 1991). See also Skripek v. Bergamo, 200 N.J. Super. 620, 629 (App. Div. 1985) (holding where a party declines an opportunity to amend the pleadings to conform to the evidence, the subject of the declined amendment is a precluded issue on appeal).

defense." Cent. Motor Parts Corp. v. E.I. duPont deNemours & Co., 251 N.J. Super. 5, 10 (App. Div. 1991) (citing Westfield v. Mayo, 122 Mass. 100 (1897)); see also Vergopia v. Shaker, 383 N.J. Super. 256 (App. Div. 2006) (reversing and remanding to determine whether legal expenses incurred by indemnitee were reasonable).

Plaintiff never asserted a claim for indemnification of its reasonable attorney's fees in the complaint and failed to amend the complaint to include this claim. Even if indemnification for reasonable legal fees was properly before the trial court, we discern no abuse of discretion in the judge's rejection of the claim because plaintiff failed to prove the reasonableness of the fees incurred. The judge was not required to "accept passively" plaintiff's claimed expenses in defending the municipal ordinance violations. See Walker v. Giuffre, 209 N.J. 124, 131 (2012) (citing Rendine v. Pantzer, 141 N.J. 292, 335 (1995)).

We next address plaintiff's claim that the judge erred in denying its motion for a new trial. Specifically, plaintiff contends the judge abused her discretion in declining rebuttal testimony to counter defendant's use of the Estoppel Letter, warranting a new trial.

A trial court's denial of a motion for new trial will not be reversed unless "it clearly and convincingly appears that there was a miscarriage of justice under

the law." R. 4:49-1(a). Whether there was a miscarriage of justice is determined by the sufficiency of credible evidence presented at trial. Fanarjian v. Moskowitz, 237 N.J. Super. 395, 406 (App. Div. 1989) (citing Rova Farms Resort, Inc., 65 N.J. at 484). If the trial judge "went so wide of the mark that a mistake must have been made," given the judge's "clearly mistaken" conclusions of fact and law, reversal is warranted. Pioneer Nat'l Title Ins. Co. v. Lucas, 155 N.J. Super. 332, 338 (App. Div. 1978).

"[T]he question of what is proper rebuttal evidence, and whether it should be admitted, lies within the trial court's discretion, and the exercise of that discretion will not be disturbed in the absence of gross abuse." State v. Balles, 47 N.J. 331, 343 (1966) (quoting State v. DeRocco, 53 N.J. Super. 316, 323 (App. Div. 1959)). Rebuttal evidence that is not repetitive or cumulative of evidence already presented by the party seeking rebuttal is proper, and exclusion thereof is an abuse of discretion. See Casino Reinvestment Dev. Auth. v. Lustgarten, 332 N.J. Super. 472, 497 (App. Div. 2000).

Plaintiff claims rebuttal testimony was necessary to address defendant's arguments related to the Estoppel Letter. However, plaintiff's proffered reason for rebuttal testimony during trial related solely to defendant's payment history. Counsel never told the judge that rebuttal testimony was required to address

14

plaintiff's intent in sending the Estoppel Letter. Only after its claims were dismissed did plaintiff raise a new theory in support of the need for rebuttal testimony. Plaintiff cannot belatedly argue the judge abused her discretion when the argument was never made to the judge in the first place.

In support of its new trial motion, plaintiff submitted a certification from its testifying trial witness, who purported to know why the Estoppel Letter was sent to defendant. According to the certification, the Estoppel Letter was "an attempt to lock in a sworn statement before trial," "an Extra[-]Judicial attempt at [d]iscovery by [plaintiff] who believed that [defendant was] not complying with . . . [d]iscovery obligations," "not meant to trick or deceive [defendant] or any potential buyer," and "not intended to be a waiver" of plaintiff's claims.

In denying plaintiff's motion for a new trial, the judge concluded, "[Plaintiff] offered to recall only [its trial witness], whose testimony would have been limited to hearsay and would not have been admissible." Because the rebuttal witness did not author the Estoppel Letter, his testimony would not have been based on personal knowledge, contrary to N.J.R.E. 602. Plaintiff had the opportunity to develop information regarding the Estoppel Letter during direct examination of its trial witness and cross-examination of the defense witness. See N.J. Div. of Child Prot. & Permanency v. T.D., 454 N.J. Super. 353, 385

15

(App. Div. 2018) (finding the judge's denial of a request for rebuttal testimony proper where the issue was "not an unexpected issue").

After reviewing the record, we are satisfied the judge did not abuse her discretion in denying plaintiff's request to present rebuttal. Therefore, denial of plaintiff's motion for a new trial based on the exclusion of improper rebuttal testimony was not erroneous.

In accordance with our deferential standard of review of a judge's decision in a bench trial, we discern no legal or factual basis to disturb the judge's findings. The judge's findings are supported by adequate, substantial, and credible evidence.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0953-18T3