<div style="border:1px solid black;">

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

</div>

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1659-23

CENTURION COMPANIES,
INC. and CENTURION
CONSTRUCTION, INC.,

    Plaintiffs-Respondents,

v.

GALLEN CONTRACTING, INC.,

    Defendant-Appellant.

_____

Submitted April 30, 2025 – Decided May 27, 2025

Before Judges Mayer and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-3412-23.

Garrity, Graham, Murphy, Garofalo & Flinn, PC, attorneys for appellant (Richard T. Garofalo, on the briefs).

Harold P. Cook, III, attorney for respondents.

PER CURIAM

Defendant Gallen Contracting, Inc. (Gallen) appeals from a November 15, 2023 order partially vacating a February 28, 2023 arbitration award in its favor. Gallen also appeals from a January 12, 2024 order denying its motion for reconsideration of the November 15 order. We affirm all orders on appeal.

The issue before this court is whether the motion judge properly vacated a portion of an arbitrator's award entered in favor of Gallen and against two similarly named corporations, plaintiffs Centurion Companies, Inc. (Companies) and Centurion Construction, Inc. (Construction) (collectively, plaintiffs). We recite the relevant facts from the motion record.

Companies is a New Jersey corporation formed on April 22, 2010. Construction is a New Jersey corporation formed on October 22, 2015. Construction and Companies share the same office address and same principal.

In April 2016, Construction hired Gallen to perform concrete work for an automobile dealership in Wayne. Construction and Gallen entered into a written agreement for the work associated with the project (Wayne Contract). The Wayne Contract required the parties to submit disputes to mediation, followed by binding arbitration if mediation failed.

Disputes arose under the Wayne Contract, and Construction fired Gallen. Gallen then sued Construction. Gallen subsequently amended its complaint,

identifying defendant as "Centurion Construction Inc., a/k/a Centurion Companies." Gallen's amended complaint failed to assert any specific allegations against Companies.

Construction moved to compel mediation and binding arbitration, which the judge granted. Gallen appealed the order compelling mediation and binding arbitration. Rather than proceed with the appeal, Gallen and Construction entered into a June 2018 Arbitration Agreement (Arbitration Agreement). The Arbitration Agreement, entered by the trial court as a consent order, delineated "[p]laintiff, Gallen Contracting, Inc. and . . . [d]efendants, Centurion Construction, Inc. and Glen Poppe, [i]ndividually" as the parties participating in the arbitration. The Arbitration Agreement expressly provided a signature line for "Centurion Construction, Inc." and the individually named defendant. The Arbitration Agreement lacked any signature line for "Centurion Companies, Inc."

The arbitration took place over seven non-consecutive days starting on June 23, 2021 and ending on March 31, 2022. In an October 25, 2022 letter opinion, the arbitrator awarded damages to Gallen under the Wayne Contract in the amount of $408,645 (Award). The arbitrator directed Gallen to prepare a consent order memorializing the Award.

3

A-1659-23

Three days after issuance of the arbitrator's letter opinion, Construction objected to the inclusion of "a/k/a Centurian Companies" in any order memorializing the Award. Construction requested the arbitrator issue a corrected Award under N.J.S.A. 2A:23B-20, reflecting the entry of the Award against Construction, not Companies. In relying on this statute, Construction contended the arbitrator made an evident mistake in his identification of the parties bound by the Award. Alternatively, Construction asserted the Award was imperfect in a matter not affecting the merits of the arbitrator's decision. Gallen objected to any correction or modification of the Award.

After considering oral argument on Construction's request to modify the Award, the arbitrator sent a revised letter opinion, issuing the Award against Companies and Construction. The arbitrator found Companies played an active part in the work associated with the Wayne Contract. Moreover, the arbitrator concluded he had the discretion to amend Gallen's pleading under the Court Rules and Rules of Evidence.

On June 27, 2023, plaintiffs filed a verified complaint and order to show cause to vacate the Award against Companies. Plaintiffs alleged the arbitrator exceeded his powers, raising the following arguments: Companies was not a party to the Wayne Contract; Companies did not agree to arbitrate; and

Companies did not sign the Arbitration Agreement. Plaintiffs further asserted the Award could be modified or corrected without affecting the merits of the arbitrator's decision. Additionally, plaintiffs claimed the arbitrator made an evident mistake in entering the Award against both Companies and Construction.

The judge heard arguments on plaintiffs' order to show cause to vacate the Award as to Companies. In a November 15, 2023 order and attached rider, the judge vacated the Award as against Companies. The judge found "[t]he record and facts presented reveal[ed] that [Companies] was not a party to the arbitration." He explained "the [a]rbitrator, despite being provided with the [Arbitration] Agreement and controlling case law, disregarded said submission and instead proceeded with arbitration" against both Construction and Companies. Thus, the judge found "the [a]rbitrator exceeded his power and lacked authority to issue an award against an entity not a party on a claim never submitted."

The judge, citing N.J. Tpk. Auth. v. Loc. 196, I.F.P.T.E., 190 N.J. 283, 294 (2007), explained controlling law permitted the vacatur of an arbitration award "if it is contrary to existing law or public policy." In citing this case, the judge concluded "[t]here [wa]s a clear and indisputable public policy in ensuring

5

that arbitration agreements are entered into voluntarily and that parties are aware that they are waiving their 'time-honored right to sue.'" Ibid. The judge determined "[Gallen] did not properly advise [Companies] with notice of any claim against them and therefore [Companies] did not have a fair opportunity to defend." Accordingly, the judge found "confirmation of the arbitration award in this matter [was] contrary to clearly established public policy."

Gallen moved for reconsideration, which the judge denied in a January 12, 2024 order.

On appeal, Gallen argues the judge erred in vacating the Award against Companies. Gallen further asserts the judge erred in denying its motion for reconsideration. We disagree.

## I.

We first consider Gallen's argument that the judge erred in vacating the Award against Companies. We review a judge's decision to confirm or vacate an arbitration award de novo. Sanjuan v. Sch. Dist. of W. N.Y., 256 N.J. 369, 381 (2024). New Jersey law "favors arbitration as a means of settling disputes." Badiali v. N.J. Mfrs. Ins. Grp., 220 N.J. 544, 556 (2015). An arbitration award may be "vacated only when it has been shown that a statutory basis justifies that action." Yarborough v. State Operated Sch. Dist. of Newark, 455 N.J. Super.

6

136, 139 (App. Div. 2018) (quoting Bound Brook Bd. of Educ. v. Ciripompa, 228 N.J. 4, 11 (2017)).

The New Jersey Arbitration Act (Act), N.J.S.A. 2A:23B-1 to -36, governs agreements to arbitrate. Under the Act, a court may vacate an arbitration award if: (1) it "was procured by corruption, fraud, or other undue means"; (2) the arbitrator was biased, corrupt, or engaged in prejudicial misconduct; (3) the arbitrator unjustifiably refused to postpone a hearing, refused to consider material evidence, or conducted the hearing in an inappropriate and substantially prejudicial manner; (4) the arbitrator exceeded their powers; (5) there was no agreement to arbitrate; or (6) the arbitration was conducted without proper notice. N.J.S.A. 2A:23B-23(a).

Additionally, an arbitration award may be modified or corrected if: (1) it contained "an evident mathematical miscalculation or . . . mistake in the description of a person, thing, or property"; (2) "the arbitrator made an award on a claim not submitted to" arbitration and it can "be corrected without affecting the merits of the decision"; or (3) "the award is imperfect in a matter of form not affecting the merits of the decision." N.J.S.A. 2A:23B-24(a). "[T]he standard for modification set forth in N.J.S.A. 2A:23B-24(a)(2) . . . has two mandatory components: that the award includes 'a claim not

7

submitted to the arbitrator and the award may be corrected without affecting the merits of the decision upon the claims submitted.'" Rappaport v. Pasternak, 260 N.J. 230, 254 (2025) (quoting N.J.S.A. 2A:23B-24(a)(2)).

Here, the judge vacated a portion of the Award because: (1) Companies was not a party to the Arbitration Agreement; (2) the arbitrator exceeded his power in issuing an award against a nonparty; and (3) the Award violated public policy.

Arbitration is "a creature of contract." Fawzy v. Fawzy, 199 N.J. 456, 469 (2009) (quoting Kimm v. Blisset, LLC, 388 N.J. Super. 14, 25 (App. Div. 2006)). "[S]tate contract-law principles . . . govern . . . whether a valid agreement to arbitrate exists." Hojnowski v. Vans Skate Park, 187 N.J. 323, 342 (2006). "[T]he duty to arbitrate, and the scope of arbitration, are dependent solely upon the parties' agreement." Singer v. Commodities Corp. (U.S.A.), 292 N.J. Super. 391, 402 (App. Div. 1996) (quoting Cohen v. Allstate Ins. Co., 231 N.J. Super. 97, 100-01 (App. Div. 1989)). "In this context, the arbitrator's powers are limited by the agreement of the parties and an arbitrator may not exceed the scope of the powers granted to him or her by the parties." Kimm, 388 N.J. Super. at 25. Courts "may not rewrite a contract to broaden the scope of arbitration." Garfinkel v. Morristown Obstetrics & Gynecology Assocs.,

P.A., 168 N.J. 124, 132 (2001) (quoting <u>Yale Materials Handling Corp. v. White Storage & Retrieval Sys., Inc.</u>, 240 N.J. Super. 370, 374 (App. Div. 1990)).

Here, the Arbitration Agreement is clear and unambiguous. The Arbitration Agreement bound Gallen and Construction only. Companies was never a party to the Arbitration Agreement. Even the signature line for the Arbitration Agreement reflected the document was signed only by Construction. Nothing in the Arbitration Agreement indicated Companies agreed to mediation or arbitration of disputes arising under the Wayne Contract because Companies was not a party to that agreement.

"[A]s a general rule an action on a contract cannot be maintained against a person who is not a party to it." <u>Comly v. First Camden Nat'l Bank & Tr. Co.</u>, 22 N.J. Misc. 123, 127 (1944). To enforce a contract against a nonparty, there must be some basis to impose liability against the nonparty, including, for example, demonstrating that the nonparty is an alter ego of the party to the contract, the nonparty assumed the contract, the nonparty is a third-party beneficiary of the contract, or the nonparty is equitably estopped under the doctrines of waiver and estoppel. <u>Hirsch v. Amper Fin. Servs., LLC</u>, 215 N.J. 174, 188 (2013).

Gallen failed to present any of these theories to the arbitrator in support of the entry of the Award as against Companies, a nonparty to the Wayne Contract and the Arbitration Agreement. Nor did Gallen raise the theories before the judge in opposition to Construction's application to modify or correct the Award. Gallen raised these issues for the first time on appeal. We decline to address issues raised for the first time on appeal unless they involve the trial court's jurisdiction or concern matters of great public interest. Zaman v. Felton, 219 N.J. 199, 226-27 (2014) ("declin[ing] to consider questions or issues not properly presented to the trial court"). Gallen's newly raised arguments do not satisfy the jurisdictional or public interest exceptions.

We also reject Gallen's assertion the judge erred in determining the arbitrator exceeded the scope of his authority. "The scope of an arbitrator's authority depends on the terms of the contract between the parties." Cnty. Coll. of Morris Staff Ass'n v. Cnty. Coll. of Morris, 100 N.J. 383, 391 (1985). "[A]n arbitrator may not disregard the terms of the parties' agreement, nor may he [or she] rewrite the contract for the parties." Ibid. "[A]n arbitrator exceeds his [or her] powers when he [or she] ignores the limited authority that the contract confers." Ibid. "[W]here an arbitration award does not draw its essence from the . . . agreement, it will not be enforced by the courts." Id. at 392 (quoting

<u>Belardinelli v. Werner Cont'l Inc.</u>, 128 N.J. Super. 1, 7 (App. Div. 1974)).  "[I]n the absence of an express agreement by the parties about the scope of the arbitrator's duties, ordinarily the arbitrator is limited to resolving the dispute in question."  <u>Kimm</u>, 388 N.J. Super. at 25-26.

We agree with the judge's conclusion that the arbitrator exceeded the scope of his authority by entering the Award against Companies.  In his revised letter opinion, the arbitrator acknowledged Construction and Companies were "two separate and distinct entities."  He also recognized only Gallen and Construction signed the Wayne Contract.  Despite these findings, the arbitrator expanded the clear and unambiguous terms of the Wayne Contract to Companies, a nonparty.

We also agree the judge properly vacated the Award because Gallen did not provide notice that it was asserting claims against Companies as well as Construction.

"[N]otice is vital as a matter of fundamental fairness."  <u>Block v. Plosia</u>, 390 N.J. Super. 543, 552 (App. Div. 2007).  Parties are "entitled to reasonable notice" of claims "before . . . stepp[ing] into the arbitration ring."  <u>Id.</u> at 556.  The Act specifically requires some measure of fair notice.  <u>Id.</u> at 552 (quoting N.J.S.A. 2A:23B-2(a)).  An arbitrator may not issue an award "in the absence of

indicia that all parties to the arbitration have reasonable advance notice" of the claim. Id. at 545.

Here, Gallen never gave Companies notice that it intended to hold Companies responsible for the claims arising under the Wayne Contract. The arbitrator's revised letter opinion was the first time the issue of Companies' liability was specifically addressed. On this record, the arbitrator's entry of the Award against Companies was "without any prior notice to [Companies] and without affording it any opportunity to meet that cause of action either legally or factually." R. Wilson Plumbing & Heating, Inc. v. Wademan, 246 N.J. Super. 615, 617 (App. Div. 1991).

Companies was entitled to notice that Gallen intended to hold it liable for Construction's conduct under the Wayne Contract. Because Companies lacked such notice, the judge correctly concluded the arbitrator exceeded his authority in entering the Award against Companies and properly vacated the award as against Companies.

II.

We next consider Gallen's argument the judge erred in denying its motion for reconsideration. Again, we disagree.

We review orders on motions for reconsideration under Rule 4:49-2 for abuse of discretion. Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015). See also D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990). Abuse of discretion "arises when a decision was 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002). Reconsideration is appropriate if (a) "the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis,'" or (b) "it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence." Palombi v. Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010) (quoting D'Atria, 242 N.J. Super. at 401).

Here, the judge did not rule on "a palpably incorrect or irrational basis" or fail to consider "the significance of probative, competent evidence." Ibid. Because we are satisfied the judge properly vacated the Award as to Companies, the judge did not abuse his discretion in denying Gallen's motion for reconsideration.

To the extent we have not addressed any of Gallen's remaining arguments, they are without sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-1659-23